# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | |
| FTX TRADING LTD. and MACLAURIN INVESTMENTS LTD., | |
| Plaintiffs, | |
| -against- | Adv. Pro. No. 23-50437 (JTD) |
| LOREM IPSUM UG, PATRICK GRUHN, ROBIN MATZKE, and BRANDON WILLIAMS, | |
| Defendants. | |

## CASE MANAGEMENT PLAN AND SCHEDULING ORDER

1.    This *Case Management Plan and Scheduling Order* (this "**CMO**"), by and among the above-captioned Plaintiffs and the Defendants (defined below, and with Plaintiffs, collectively "**Parties**" and each a "**Party**"), shall apply in the above-captioned adversary proceeding ("**Action**"). The following terms shall mean:

    a.    "**Complaint**" means the *Complaint* [Adv. Pro. No. 1] filed in the Action on July 12, 2023;

    b.    "**Defendants**" means the defendants set out in the caption of the Action;

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

2.      **Service.** All Defendants have waived or accepted service of process, including waiver of service pursuant to the Hague Convention for applicable Defendants. Defendants shall have until October 27, 2023 to answer, move against, or otherwise respond to the Complaint. Except for defenses relating to service of process or sufficiency of process only, Defendants reserve all rights, claims, counterclaims, and defenses, including defenses relating to jurisdiction and the extraterritorial application of certain laws.

3.      **Motions to Dismiss.** The schedule for the briefing of any motions to dismiss shall be as follows:

      a.      Moving briefs due October 27, 2023;

      b.      Oppositions due December 1, 2023; and

      c.      Replies due January 5, 2024.

4.      **Discovery.** The following discovery and pretrial schedule shall apply absent further agreement of the Parties or order of the Bankruptcy Court.

      a.      **Initial Disclosures.** Each Party shall serve its initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure ("**Rule**") as incorporated in this Action by Rule 7026 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rule**") no later than September 27, 2023.

      b.      **Fact Discovery.**

            i.      The Parties may serve on non-parties to the Action subpoenas for documents pursuant to Rule 45 (Bankruptcy Rule 9016) on or after September 19, 2023. The Parties agree that the Party or attorney who issues the non-party-subpoena shall, within three days of receipt of materials from the non-party respondent, produce the materials it received to all other Parties in the Action in the form in which the materials were received by the Party.

            ii.     The Parties may serve on the other Parties in the Action document requests pursuant to Rule 34 (Bankruptcy Rule 7034), interrogatories pursuant to Rule 33 (Bankruptcy Rule 7033), requests for admissions pursuant to Rule 36 (Bankruptcy Rule 7036), and other requests for written discovery on or after October 13, 2023.

            iii.    The Parties will substantially complete their production of documents in response to the first set of document requests served by each Party on or before January 31, 2024 (it being understood that Parties will produce responsive materials on a rolling basis in advance of such date). The schedule for production of documents in response to all later-served document requests shall be as provided for in the Bankruptcy Rules.

     iv.       The parties will provide logs of documents withheld or redacted on privilege grounds by February 16, 2024.

     v.        Deposition notices will be served no less than 14 calendar days prior to the requested deposition date.

     vi.       Fact discovery will be completed by May 17, 2024.

   c.      **Expert Discovery.**

     i.        One or more Parties presently anticipate that they may offer expert testimony on value and valuation, foreign law, European regulatory schemes, market conditions, and solvency and insolvency. Each Party will disclose the topics for any additional expert testimony no later than May 17, 2024. If a Party fails to timely identify an additional topic for expert testimony, the other Parties will have an additional 14 calendar days added to the deadline for their response, and the deadline for any reply or other responsive report or pleading correspondingly will also be extended by 14 calendar days.

     ii.       Plaintiffs' initial expert reports will be served by June 5, 2024.

     iii.      Defendants' expert reports—including rebuttal reports in response to Plaintiffs' initial expert reports and expert reports on a subject not addressed in Plaintiffs' initial expert reports—will be served by July 19, 2024.

     iv.       In the event that Defendants' expert reports address a subject not addressed in Plaintiffs' initial expert reports, Plaintiffs may serve a rebuttal expert report in response thereto by August 23, 2024.

     v.        All expert reports must satisfy the requirements of Bankruptcy Rule 7026.

     vi.       Expert depositions will be completed by October 2, 2024.

5.      **Summary Judgment Motions.**

   a.      In the event that any Party chooses to file a motion for summary judgment, such motion will be filed no later than October 16, 2024;

   b.      Oppositions to motions for summary judgment will be due no later than 28 calendar days from the filing of the opening motion for summary judgement; and

   c.      Replies in support of summary judgment will be due no later than 28 calendar days from the filing of the opposition to the motion for summary judgement.

   d.      Notwithstanding anything in Section 5 of this CMO, in the event that any Defendant chooses to file a motion for summary judgment as its response

to the Complaint in this Action, the briefing schedule for such motion shall be as provided for in Section 3 above.

6.      **Mediation.** The Parties will meet and confer regarding appointment of a mediator. On or before January 24, 2024, the Parties shall file a stipulation regarding appointment of mediator. If the Parties fail to file a stipulation on this matter by January 24, 2024, the Parties will request a status conference with the Bankruptcy Court to resolve the dispute concerning the appointment of a mediator. Should the Parties agree on a mediator or the Bankruptcy Court orders a mediator, the Parties then will meet and confer concerning procedures for the mediation. Unless otherwise agreed by the Parties, the mediation shall be governed by Local Rule 9019-5. Local Rule 9019-5(j) will not apply to the mediation in the Action.

7.      **Jurisdiction.** Nothing in this CMO shall be deemed a waiver of any Defendant's rights under Local Rule 9013-1(f) or other jurisdictional objections or objections to the extraterritorial application of certain law.

8.      **Modification.** The Parties may modify any provision of this CMO by written agreement or, absent such agreement, by seeking an order of the Bankruptcy Court upon good cause shown.

Dated: _____
       Wilmington, Delaware

_____
THE HONORABLE JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE