# **Tab 2**

# SHARE PURCHASE AGREEMENT

**THIS SHARE PURCHASE AGREEMENT** (the "Agreement") made and entered into this __second_ day of ____July__, __2021__ (the "Execution Date"),

**BETWEEN:**



Patrick Gruhn of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

(the "Seller 1")

Brandon Williams of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

(the "Seller 2")

Lorem Ipsum UG (haftungsbeschränkt) of c/o Lambda Law Rechtsanwaltsgesellschaft mbH, ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮

(the "Seller 3")

OF THE FIRST PART

and

Alameda Ventures Ltd. of 1st Floor, Eden Plaza, Eden Island, Republic of Seychelles

(the "Purchaser")

OF THE SECOND PART

**BACKGROUND:**

A.  The Sellers are each the owner of record of Common shares (the "Shares") of Digital Assets DA AG (the "Corporation").

B.  The Sellers desire to sell the Shares to the Purchaser and the Purchaser desires to purchase 1.500.000 Shares (totaling 15% of the total issued shares of the Corporation) from the Sellers. The Purchaser currently holds 5% of the shares in Digital Assets DA AG and shall after this Share Purchase Agreement receive 20% of the shares in Digital Assets DA AG.

**IN CONSIDERATION OF** and as a condition of the parties entering into this Agreement and other valuable consideration, the receipt and sufficiency of which consideration is acknowledged, the parties to this Agreement agree as follows:

## **Purchase and Sale**

1.  Except as otherwise provided in this Agreement, all monetary amounts referred to in this Agreement are in USD (US Dollars).

2.  The Sellers agree to sell and the Purchaser agrees to purchase all the rights, title, interest, and property of the Sellers in the Shares for an aggregate purchase price of $55,500,000.00 (the "Purchase Price").

3.  A fixed sum of $55,500,000.00 will be payable on closing of this Agreement.

4.  All payments will be made as follows:

    18,500,000 USDC-SPL to ███████████████████

    18,500,000 USDC-SPL to ███████████████████

    $18,500,000 USD via wire transfer to:

    > Patrick Gruhn
    > Acct# ███████████
    > Routing# ███████████
    > First Interstate Bank Kalispell, Montana

## **Representations and Warranties of the Sellers**

5.  The Sellers warrants and represents to the Purchaser as follows:

    a.  The Corporation granted the Solana Project an exclusivity on all Tokenized Stock token for the Solana Blockchain for a period of 12 month after July 1st 2021. A written confirmation by the Corporation must be delivered within 48 hours after closing.

    b.  The Corporation granted the FTX Exchange a 50% fee split for the next 24 months after July 1st 2021 for all derivative products on Tokenized Stock token (e.g. http://ftx.com/trade/SPY-0924) and will charge those clients a minimum fee of 0.02% for

buys/sells of those derivatives. A written confirmation by the Corporation must be delivered within 48 hours after closing.

c. Except as provided in the incorporating documents of the Corporation or as indicated on the face of the certificates for the Shares, the Purchaser would not be prevented or restricted in any way from re-selling the Shares in the future.

d. The Sellers are the owner in clear title of the Shares and the Shares are free of any lien, encumbrance, security interests, charges, mortgages, pledges, or adverse claim or other restriction that would prevent the transfer of clear title to the Purchaser.

e. The Sellers are not bound by any agreement that would prevent any transactions connected with this Agreement.

f. There is no legal action or suit pending against any party, to the knowledge of the Sellers, that would materially affect this Agreement.

**<u>Representations and Warranties of the Purchaser</u>**

6. The Purchaser warrants and represents to the Sellers as follows:

a. The Purchaser is not bound by any agreement that would prevent any transactions connected with this Agreement.

b. There is no legal action or suit pending against any party, to the knowledge of the Purchaser, that would materially affect this Agreement.

**<u>Closing</u>**

7. The closing of the purchase and sale of the Shares (the "Closing") will take place on July 1, 2021 (the "Closing Date") at the offices of the Sellers or at such other time and place as the Sellers and the Purchaser mutually agree. At Closing and upon the Purchaser paying the Purchase Price in full to the Sellers, the Sellers will deliver to the Purchaser duly executed transfers of the Shares.

**<u>Expenses</u>**

8. All parties agree to pay all their own costs and expenses in connection with this Agreement.

DocuSign Envelope ID: A16F5098-AC9E-4123-9468-EBDEC846C5D5

**Finder's Fees**

9.  No party to this Agreement will pay any type of finder's fee to any other party to this Agreement or to any other individual in connection to this Agreement.

10. All parties to this Agreement warrant and represent that no investment banker or broker or other intermediary has facilitated the transaction contemplated by this Agreement and is entitled to a fee or commission in connection with said transaction. All parties to this Agreement indemnify and hold harmless all other parties to this Agreement in connection with any claims for brokerage fees or other commissions that may be made by any party pertaining to this Agreement.

**Dividends**

11. Any dividends earned by the Shares and payable before the Closing of this Agreement will belong to the Sellers, and any dividends earned by the Shares and payable after the Closing of this Agreement will belong to the Purchaser.

12. Any rights to vote attached to the Shares will belong to the Sellers before the Closing and will belong to the Purchaser after the Closing.

**Governing Law**

13. The Purchaser and the Sellers submit to the jurisdiction of the courts of the State of Montana for the enforcement of this Agreement or any arbitration award or decision arising from this Agreement. This Agreement will be enforced or construed according to the laws of the State of Montana.

**Miscellaneous**

14. Time is of the essence in this Agreement.

15. This Agreement may be executed in counterparts.  Facsimile signatures are binding and are considered to be original signatures.

16. All warranties and representations of the Sellers and the Purchaser connected with this Agreement will survive the Closing.

17. This Agreement will not be assigned either in whole or in part by any party to this Agreement without the written consent of the other party.

18. Headings are inserted for the convenience of the parties only and are not to be considered when interpreting this Agreement. Words in the singular mean and include the plural and vice versa. Words in the masculine gender include the feminine gender and vice versa. Words in the neuter gender include the masculine gender and the feminine gender and vice versa.

19. If any term, covenant, condition or provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Agreement will in no way be affected, impaired or invalidated as a result.

20. This Agreement contains the entire agreement between the parties. All negotiations and understandings have been included in this Agreement. Statements or representations which may have been made by any party to this Agreement in the negotiation stages of this Agreement may in some way be inconsistent with this final written Agreement. All such statements are declared to be of no value in this Agreement. Only the written terms of this Agreement will bind the parties.

21. This Agreement and the terms and conditions contained in this Agreement apply to and are binding upon the Sellers and the Purchaser and their respective successors, assigns, executors, administrators, beneficiaries, and representatives.

22. Any notices or delivery required here will be deemed completed when hand-delivered, delivered by agent, or seven (7) days after being placed in the post, postage prepaid, to the parties at the addresses contained in this Agreement or as the parties may later designate in writing.

23. All of the rights, remedies and benefits provided by this Agreement will be cumulative and will not be exclusive of any other such rights, remedies and benefits allowed by law.

**IN WITNESS WHEREOF** the Sellers and Purchaser have duly affixed their signatures under hand and seal on this _____2nd___ day of _____July_____, ___2021_____.

Patrick Gruhn (Seller 1)

Brandon Williams (Seller 2)

Lorem Ipsum UG (haftungsbeschränkt),
represented by its Managing Director Dr. Robin
Matzke (Seller 3)

FTX (Purchaser)

Sam Bankman-Fried