## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| FTX TRADING LTD. and MACLAURIN INVESTMENTS LTD., | |
| Plaintiffs, | Adv. Pro. No. 23-50437 (JTD) |
| -against- | |
| LOREM IPSUM UG, PATRICK GRUHN, ROBIN MATZKE, and BRANDON WILLIAMS, | |
| Defendants. | |

## OPENING BRIEF IN SUPPORT OF MOTION
## TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Lawrence J. Gebhardt (*pro hac vice pending*)
Gregory L. Arbogast (No. 6255)
GEBHARDT & SMITH LLP
1000 N. West Street, Suite 1200
Wilmington, DE 19801
T: (302) 295-5038
F: (443) 957-4325
Garbogast@gebsmith.com

*Attorneys for Defendant, Brandon Williams*

**TABLE OF CONTENTS**

I.      Statement of the Nature and Stage of the Proceeding..............................................1

II.     Summary of the Argument....................................................................................2

III.    A Concise Statement of the Facts .........................................................................4

        A.      FTX Trading and Maclaurin Investments are corporations formed under
                Antiguan and Seychelles law, respectively................................................4

                1.      FTX Trading was formed in Antigua and Barbuda. ...................4

                2.      Maclaurin Investments was formed in the Republic of Seychelles. ...........5

        B.      The filing of a bankruptcy petition was not authorized in accordance with
                their organizational documents and applicable local law by either FTX Trading
                or Maclaurin Investments. ......................................................................6

IV.     Law and Argument ..............................................................................................7

        A.      A bankruptcy court lacks subject matter jurisdiction over a bankruptcy case
                filed by a corporation without lawful authorization to do so.................7

        B.      Bankman-Fried lacked the power to unilaterally appoint John Ray III as CEO of
                FTX Trading and Maclaurin Investments with plenary powers, including the
                power to file Chapter 11 bankruptcy petitions..........................................9

V.      Conclusion ..........................................................................................................10

# TABLE OF AUTHORITIES

## Cases

*Brown v. Philadelphia Hous. Auth.*, 350 F.3d 338 (3d Cir. 2003) .................................................. 2

*In re 3P Hightstown, LLC,* 631 B.R. 205 (Bankr. D.N.J. 2021)..................................................... 7

*In re Al-Wyn Food Distributors, Inc.*, 8 B.R. 42 (Bankr. M.D. Fla. 1980) ................................... 8

*In re FKF Madison Park Grp. Owner, LLC*, No. 10-11867 KG, 2011 WL 350306 (Bankr. D. Del. Jan. 31, 2011) ........................................................................................................................ 8

*In re Holler*, 342 B.R. 212 (Bankr. W.D. Pa. 2006) ....................................................................... 2

*In re Hotel Mt. Lassen, Inc.*, 207 B.R. 935 (Bankr. E.D. Cal. 1997)............................................. 2

*In re Moni-Stat, Inc.*, 84 B.R. 756 (Bankr. D. Kan. 1988) ............................................................. 8

*In re Runaway II, Inc.*, 159 B.R. 537 (Bankr. W.D. Mo. 1993) ..................................................... 8

*Kontrick v. Ryan*, 540 U.S. 443 (2004)........................................................................................... 2

*Matter of Giggles Rest., Inc.*, 103 B.R. 549 (Bankr. D.N.J. 1989)................................................ 8

*Price v. Gurney*, 324 U.S. 100 (1945) ............................................................................................ 7

*Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia*, 657 F.2d 29 (3d Cir. 1981) ............................................................................................................................................. 2

## Rules

Bankruptcy Code § 548 ..................................................................................................................... 1

Fed. R. Bankr. P. 7012...................................................................................................................... 9

Fed. R. Civ. P. 12.............................................................................................................................. 9

**I.**

**Statement of the Nature and Stage of the Proceeding**

Plaintiffs, FTX Trading Ltd. and Maclaurin Investments, Ltd. (previously known as "Alameda Ventures Ltd"), have sued Defendant, Brandon Williams, in Counts One and Two of the Complaint to recover the amounts he received for selling his interest in Digital Asset Group AG ("DAAG") to them in two negotiated, arms-length transactions in July and November 2021. The Plaintiffs allege either that the purpose of the purchase was to hinder, delay, or defraud their creditors and constituted either an actual fraudulent transfer under Bankruptcy Code § 548(a)(1)(A) or that the purchase amounted to a constructive fraudulent transfer under Bankruptcy Code § 548(a)(1)(B).

In response to the Complaint, Brandon Williams on October 25, 2023, filed a motion to dismiss or for summary judgment as to Counts One and Two of the Complaint (D.I. 23), which are the only Counts that pertain to him, in contrast to Patrick Gruhn, Robin Matzke and Lorem Ipsum UG, the other Defendants in this Adversary Proceeding as to whom all the Counts relate (collectively, the "LI Defendants).

On October 27, 2023, the LI Defendants moved the main bankruptcy case to dismiss the bankruptcy case for lack of subject matter jurisdiction based on the failure of the Debtors to properly approve under their organizational documents and applicable law the filing of the two Chapter 11 petitions (D.I. 3400 and D.I. 3399).  The LI Defendants included in their motion to dismiss this adversary proceeding an assertion of the lack of subject matter jurisdiction as well as other meritorious defenses (D.I. 31).

Because the lack of subject matter jurisdiction equally applies to him and because the lack of subject matter jurisdiction for the filing of the bankruptcy case, and in turn this adversary proceeding, appears to be conclusively and irrefutable established, Brandon Williams now moves

1

for a dismissal of Counts One and Two of the Complaint for lack of subject matter jurisdiction in addition to the grounds raised in his Motion to Dismiss or for Summary Judgment.

While the issue of lack of subject matter jurisdiction was not raised in his prior motion, a court's lack of subject matter jurisdiction may be raised at any time. See *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); *Brown v. Philadelphia Hous. Auth.*, 350 F.3d 338, 347 (3d Cir. 2003) ("Defenses relating to subject matter jurisdiction can be raised at any time."); *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia*, 657 F.2d 29, 36 (3d Cir. 1981) ("Whenever it appears 'by suggestion of the parties or otherwise' that the court lacks jurisdiction of the subject matter, the action must be dismissed."); *In re Holler*, 342 B.R. 212, 219 (Bankr. W.D. Pa. 2006) ("Although Fairbanks did not specifically raise the issue until the conclusion of the trial, this Court's subject matter jurisdiction can be raised at any time in the proceeding, even on appeal."); *In re Hotel Mt. Lassen, Inc.*, 207 B.R. 935, 939 (Bankr. E.D. Cal. 1997) ("In contrast, consistent with well-understood rules of jurisprudence, motions based on lack of subject matter jurisdiction may be filed at any time before final judgment.").

Brandon Williams relies upon and incorporates by reference the two motions (D.I. 3400 and D.I. 3399) and supporting papers in the Appendixes (D.I. 3400-2 and D.I. 3399-2) filed by the LI Defendants in the main case, including the facts alleged and the authorities there cited.

## II.
### Summary of the Argument

1.    A Chapter 11 petition filed by a corporation, such as FTX Trading and Mcclaurin Investments, must have been duly and properly authorized prior to the filing in accordance with

its organizational documents, including its articles of incorporation and by-laws, and the local law that applies to and governs them.

2.      An officer, a director, or a shareholder of a corporation, absent approval by the board of directors, does not have authority to authorize a corporation to file a Chapter 11 petition. An officer, director, or shareholder of a corporation does not have authority to delegate or assign to a third party the power to file a Chapter 11 petition for the corporation.

3.      If a corporation has not properly authorized the filing of a Chapter 11 petition, the bankruptcy court lacks subject matter jurisdiction over the case.

4.      Samuel Bankman-Fried, while an officer, director, and shareholder, of FTX Trading and Maclaurin Investments, did not have unilateral authority to authorize either corporation to file a Chapter 11 petition. Likewise, Samuel Bankman-Fried did not have the unilateral authority to assign to anyone else the authority to file a Chapter 11 petition on behalf of either FTX Trading and Maclaurin Investments.

5.      The power and authority Samuel Bankman-Fried purportedly granted and assigned to John J. Ray III to file the Chapter 11 petitions for FTX Trading and Maclaurin Investments was ineffective and null and void, such that John Ray did not have the lawful authority or power to file the Chapter 11 petitions for FTX Trading and Maclaurin Investments.

6.      Because the bankruptcy filings were not properly or lawfully approved, this Court lacks subject matter jurisdiction to proceed with the Chapter 11 cases filed by FTX Trading and Maclaurin Investments and must under controlling law dismiss each case for lack of subject matter jurisdiction. All actions taken prior to the dismissal are null and void.

7.      If the FTX Trading and Maclaurin Investments bankruptcy cases lack subject matter jurisdiction, so too does the adversary proceeding they brough against Brandon Williams

in Counts One and Two of the Complaint. Accordingly, the adversary proceeding, like the two bankruptcy cases, must be dismissed for lack of subject matter jurisdiction.

### III.
### A Concise Statement of the Facts

The facts relevant to this motion are set forth in detail in the motions filed by the LI Defendants in the FTX Trading and Maclaurin bankruptcy cases (D.I. 3400 and 3399) and are summarized below.

**A.     FTX Trading and Maclaurin Investments are corporations formed under Antiguan and Seychelles law, respectively.**

**1.     FTX Trading was formed in Antigua and Barbuda.**

FTX Trading is a corporation formed and registered in Antigua and Barbuda. As such, it is governed by the Antiguan International Business Corporations Act ("Antiguan IBCA").

Under the Antiguan IBCA and its Articles of Incorporation and By-laws, the powers of the corporation were to be exercised, and its business and affairs were to be managed, by its Board of Directors. For the Board of Directors to exercise these powers and manage the affairs of the corporation, the Board of Directors was required to hold a meeting in which a majority of the directors were in attendance and hold a vote in which the majority of the directors in attendance approved a proposed action. Alternatively, all of the directors could sign a unanimous consent to a proposed action and thereby authorize the action. The By-laws authorized the Board of Directors to appoint officers and assign duties to those officers. Neither the officers nor the shareholders of the corporation had the authority to appoint officers. Nor could any officer or shareholder authorize significant actions by the corporation that were not approved by the Board.

As of the filing of its bankruptcy petition, FTX Trading had a four-person board of directors consisting of Arthur Thomas, Corporate & Trust Services Limited, Nishad Singh, and Samuel

Bankman-Fried. Prior to the filing of the FTX bankruptcy petition, no meeting of the Board was held in which a majority of the directors were present and in which a majority of those present approved and authorized the filing of a bankruptcy petition for FTX Trading. Nor did all four of the directors execute a unanimous written consent approving the filing of the bankruptcy petition.

Under the Antiguan IBCA and FTX Trading's articles of incorporation and bylaws, Samuel Bankman-Fried did not as FTX Trading's chief executive officer, a director, and principal shareholder, have the power unilaterally to authorize the filing of a bankruptcy petition for FTX Trading. Nor did Samuel Bankman-Fried unilaterally have the power to grant authority to any other person to exercise the powers and rights of the Board of Directors on all matters or to make a decision about FTX Trading filing a bankruptcy petition.

### 2.    Maclaurin Investments was formed in the Republic of Seychelles.

Maclaurin Investments, originally known Alameda Ventures, is a corporation formed and registered in the Republic of Seychelles and governed by the Seychelles International Business Corporations Act ("Seychelles IBCA). Under the Seychelles IBCA and Maclaurin Investment's Memorandum of Association and Articles of Association (the equivalent of articles of incorporation and bylaws), the business and affairs of the company were to be managed and controlled by its Directors, who were to approve corporate actions either at a meeting of Directors or by a written resolution. An officer or shareholder of the company was not empowered to act without the authorization of the Directors given at a meeting or in writing.

At the time of the bankruptcy filing, Maclaurin Investments had two Directors: Bankman-Fried and Caroline Ellison.  The Maclaurin Investments Directors did not hold a meeting and authorize the filing of the bankruptcy petition or authorize the filing in a writing singed by both. Nor did the Directors authorize and empower Samuel Bankman-Fried unilaterally to assign and transfer to anyone the power to act in lieu of the Directors on all matters or to file a bankruptcy

petition on behalf of the corporation.

**B.** **The filing of a bankruptcy petition was not authorized in accordance with their organizational documents and applicable local law by either FTX Trading or Maclaurin Investments.**

On November 10, 2022, Samuel Bankman-Fried, in his capacity as majority owner, a director, and chief executive officer of both FTX Trading and Maclaurin Investments (and all related or affiliated corporations) and at the urging of Sullivan & Cromwell, signed an Omnibus Corporate Authority drafted by Sullivan & Cromwell in which he unilaterally purported to appoint John J. Ray III as Chief Executive Officer of all companies in the FTX Group, including FTX Trading and Maclaurin Investments, and to provide him with "plenary authority to exercise all powers and authority capable of delegation to an officer under applicable law," including "filing for protection from creditors under Title 11 of the United States Code ... ." Bankman-Fried signed the Omnibus Corporate Authority electronically.

Neither FTX Trading nor Maclaurin Investments properly or lawfully, in accordance with their organizational documents and applicable local law, unilaterally authorized Bankman-Fried to execute the Omnibus Corporate Authority or to appoint John J. Ray Chief III as Chief Executive Officer or empower John J. Ray III with the plenary authority the Omnibus Corporate Authority purported to grant him. These omnipotent powers were not capable of being lawfully delegated or assigned to John J. Ray III unilaterally by Samuel Bankman-Fried. Neither FTX Trading nor Maclaurin Investments in accordance with their corporate documents or applicable law approved the execution of the Omnibus Corporate Authority or the filing bankruptcy petitions under title 11 of the U.S.C. on behalf of either of them.

Based solely on the Omnibus Corporate Authority, John J. Ray III proceeded to file petitions under Chapter 11 of the Bankruptcy Code on behalf of FTX Trading and Maclaurin Investments represented by Sullivan & Cromwell. He did not have authority to do so under the

organizational documents of either company or the law of the jurisdictions of their incorporations. The Omnibus Corporate Authority did not lawfully grant him this power or authorize him to have the two corporations file bankruptcy. His actions were void, as should have been glaringly apparent to both him and Sullivan & Cromwell.

**IV.**
**Law and Argument**

A.      **A bankruptcy court lacks subject matter jurisdiction over a bankruptcy case filed by a corporation without lawful authorization to do so.**

The Supreme Court long ago established the principle that a federal court did not have subject matter jurisdiction to entertain a bankruptcy petition filed by a corporation that was not properly authorized by the corporation's organizational documents and the local law applicable to them. The Supreme Court held that a District Court receiving an unauthorized bankruptcy petition had no alternative but to dismiss the petition. *Price v. Gurney*, 324 U.S. 100, 106 (1945). Quoting that decision in pertinent part:

> The District Court in passing on petitions filed by corporations under Chapter X must of course determine whether they are filed by those who have authority so to act. ... [T]hat authority finds its source in local law. **If the District Court finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, it has no alternative but to dismiss the petition.** ... But nowhere is there any indication that Congress bestowed on the bankruptcy court jurisdiction to determine that those who in fact do not have the authority to speak for the corporation as a matter of local law are... empowered to file a petition on behalf of the corporation. Respondents may have a meritorious case for relief. ... But if they are to be allowed to put their corporation into bankruptcy, they must present credentials to the bankruptcy court showing their authority.

*Price v. Gurney*, 324 U.S. at 106–07.

The principle set forth in *Price v. Gurney,* specifically that a bankruptcy petition must be approved in accordance with an entity's organizational documents (whether or not a corporation) and local law governing those organizational documents has been affirmed by numerous courts.

7

*See e.g. In re 3P Hightstown, LLC,* 631 B.R. 205, 210 (Bankr. D.N.J. 2021); *In re FKF Madison Park Grp. Owner, LLC*, No. 10-11867 KG, 2011 WL 350306, at *3 (Bankr. D. Del. Jan. 31, 2011)) ("A party cannot subject an entity to bankruptcy without authority. *Price v. Gurney*, 324 U.S. 100, 105–07 ("Determining authority is a question of state law, and in the case of a limited liability company is governed by the operating agreement, which defines the rights of members.")

Bankruptcy petitions filed by corporations without proper and effective authorization in accordance with their organizational documents and the local law, as occurred with FTX Trading and Maclaurin, have been dismissed, as required by *Price v. Gurney* and the principles it laid down. *See e.g. In re Runaway II, Inc*., 159 B.R. 537 (Bankr. W.D. Mo. 1993) ("If the Board of Directors did not authorize the filing of the petition in bankruptcy, then the petition is not a proper filing on behalf of Runaway II, Inc."); *Matter of Giggles Rest., Inc.*, 103 B.R. 549, 553 (Bankr. D.N.J. 1989) (Dismissing bankruptcy petition and noting that "it is clear that any corporate resolution which authorizes the filing of a voluntary bankruptcy petition must originate at a validly held meeting of directors and must be approved by the proper number of such directors."); *In re Moni-Stat, Inc.*, 84 B.R. 756, 757 (Bankr. D. Kan. 1988) ("In the present case, since Coles acted outside the scope of her authority as president and since the board of directors failed to adopt a resolution permitting the filing of the petition herein, this bankruptcy case must be dismissed."); *In re Al-Wyn Food Distributors, Inc.*, 8 B.R. 42, 43 (Bankr. M.D. Fla. 1980) ("The extent of authority that may be exercised by an officer of a corporation depends on the governing instruments of the corporation and on state law. The Articles of Incorporation and the by-laws of the debtor corporation do not contain any authorization for the president to file a petition, nor can the counsel for the debtor direct the Court to any Florida Statute that would similarly provide.").  The dismissal, being for lack of subject matter jurisdiction, is mandatory and beyond the bankruptcy court's discretion.

**B.**      **Bankman-Fried lacked the power to unilaterally appoint John Ray III as CEO of FTX Trading and Maclaurin Investments with plenary powers, including the power to file Chapter 11 bankruptcy petitions.**

As has been detailed in the fact section of this Brief, Samuel Bankman-Fried lacked the authority to execute the Omnibus Corporate Authority or to grant John J. Ray III the omnipotent powers regarding FTX Trading and Maclaurin Investments described therein, including the power to put the corporations in voluntary bankruptcy in this Court. Lacking proper corporate authorization, the Omnibus Corporate Authority was ineffective and nugatory in its entirety. It did not authorize John J. Ray III to file the two bankruptcy petitions, which were completely void and ineffective, or to retain Sullivan & Cromwell to represent Chapter 11 debtors that were not lawfully in bankruptcy and pursue claims beyond the jurisdiction of the court.

Because the two bankruptcy petitions were not properly authorized in accordance with the organizational documents of FTX Trading and Maclaurin Investments and the law of Antigua and the Republic of Seychelles, this Court lacks subject matter jurisdiction and is obligated to dismiss the two bankruptcy cases for the reasons stated in the motion filed by the LI Defendants.

**V.**
**Conclusion**

Because bankruptcy cases filed by John J. Ray III for FTX Trading and Maclaurin Investments lack subject matter jurisdiction, so too does this adversary proceeding filed under the authority of the two bankruptcy cases. As with the two cases, this Court must dismiss this adversary proceeding under Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. P. 12 (b)(1) for lack of the necessary subject matter jurisdiction for the adversary proceeding to continue.

*/s/ Gregory L. Arbogast*

Lawrence J. Gebhardt (*pro hac vice pending*)
Gregory L. Arbogast (No. 6255)
GEBHARDT & SMITH LLP
1000 N. West Street, Suite 1200
Wilmington, DE 19801
T: (302) 295-5038
F: (443) 957-4325
Garbogast@gebsmith.com

*Attorneys for Defendant,*
*Brandon Williams*