**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| FTX TRADING LTD. and MACLAURIN INVESTMENTS LTD.,<br><br>Plaintiffs,<br><br>-against-<br><br>LOREM IPSUM UG, PATRICK GRUHN, ROBIN MATZKE, and BRANDON WILLIAMS,<br><br>Defendants. | Adv. Pro. No. 23-50437 (JTD) |

**APPENDIX IN SUPPORT OF MOTION**
**FOR A PROTECTIVE ORDER STAYING DISCOVERY**

Lawrence J. Gebhardt (*pro hac vice*)
Gregory L. Arbogast (No. 6255)
GEBHARDT & SMITH LLP
1000 N. West Street, Suite 1200
Wilmington, DE 19801
T: (302) 295-5038
F: (443) 957-4325
Garbogast@gebsmith.com

*Attorneys for Defendant,*
*Brandon Williams*

# Table of Contents

Case Management Plan and Scheduling Order .......... A.0001

Initial Disclosures filed by Plaintiff .......... A.0005

Initial Disclosures filed by Lorem Ipsum UG, Patrick Gruhn, and Robin Matzke .......... A.0019

Initial Disclosures filed by Brandon Williams .......... A.0027

Debtors' First Request for Production of Documents to Defendant Patrick Gruhn .......... A.0041

Debtors' First Request for Production of Documents to Defendants Robin Matzke and Lorem Ipsum UG .......... A.0060

Debtors' First Request for Production of Documents to Defendant Brandon Williams .......... A.0079

First Set of Interrogatories by Defendant Lorem Ipsum UG to Plaintiffs .......... A.0097

First Set of Document Requests by Defendants Lorem Ipsum UG, Patrick Gruhn and Robin Matzke to Plaintiffs .......... A.0109

First Set of Requests for Admission by Defendants Lorem Ipsum UG, Patrick Gruhn and Robin Matzke to Plaintiffs .......... A.0135

First Set of Document Requests by Defendants Lorem Ipsum UG, Patrick Gruhn and Robin Matzke to Defendant Brandon Williams .......... A.0226

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| FTX TRADING LTD. and MACLAURIN INVESTMENTS LTD.,<br><br>Plaintiffs,<br><br>-against-<br><br>LOREM IPSUM UG, PATRICK GRUHN, ROBIN MATZKE, and BRANDON WILLIAMS,<br><br>Defendants. | Adv. Pro. No. 23-50437 (JTD) |

**CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

1. This *Case Management Plan and Scheduling Order* (this "**CMO**"), by and among the above-captioned Plaintiffs and the Defendants (defined below, and with Plaintiffs, collectively "**Parties**" and each a "**Party**"), shall apply in the above-captioned adversary proceeding ("**Action**"). The following terms shall mean:

   a. "**Complaint**" means the *Complaint* [Adv. Pro. No. 1] filed in the Action on July 12, 2023;

   b. "**Defendants**" means the defendants set out in the caption of the Action;

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

2. **Service.** All Defendants have waived or accepted service of process, including waiver of service pursuant to the Hague Convention for applicable Defendants. Defendants shall have until October 27, 2023 to answer, move against, or otherwise respond to the Complaint. Except for defenses relating to service of process or sufficiency of process only, Defendants reserve all rights, claims, counterclaims, and defenses, including defenses relating to jurisdiction and the extraterritorial application of certain laws.

3. **Motions to Dismiss.** The schedule for the briefing of any motions to dismiss shall be as follows:

   a. Moving briefs due October 27, 2023;

   b. Oppositions due December 1, 2023; and

   c. Replies due January 5, 2024.

4. **Discovery.** The following discovery and pretrial schedule shall apply absent further agreement of the Parties or order of the Bankruptcy Court.

   a. **Initial Disclosures.** Each Party shall serve its initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure ("**Rule**") as incorporated in this Action by Rule 7026 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rule**") no later than September 27, 2023.

   b. **Fact Discovery.**

      i. The Parties may serve on non-parties to the Action subpoenas for documents pursuant to Rule 45 (Bankruptcy Rule 9016) on or after September 19, 2023. The Parties agree that the Party or attorney who issues the non-party-subpoena shall, within three days of receipt of materials from the non-party respondent, produce the materials it received to all other Parties in the Action in the form in which the materials were received by the Party.

      ii. The Parties may serve on the other Parties in the Action document requests pursuant to Rule 34 (Bankruptcy Rule 7034), interrogatories pursuant to Rule 33 (Bankruptcy Rule 7033), requests for admissions pursuant to Rule 36 (Bankruptcy Rule 7036), and other requests for written discovery on or after October 13, 2023.

      iii. The Parties will substantially complete their production of documents in response to the first set of document requests served by each Party on or before January 31, 2024 (it being understood that Parties will produce responsive materials on a rolling basis in advance of such date). The schedule for production of documents in response to all later-served document requests shall be as provided for in the Bankruptcy Rules.

iv. The parties will provide logs of documents withheld or redacted on privilege grounds by February 16, 2024.

v. Deposition notices will be served no less than 14 calendar days prior to the requested deposition date.

vi. Fact discovery will be completed by May 17, 2024.

c. **Expert Discovery.**

i. One or more Parties presently anticipate that they may offer expert testimony on value and valuation, foreign law, European regulatory schemes, market conditions, and solvency and insolvency. Each Party will disclose the topics for any additional expert testimony no later than May 17, 2024. If a Party fails to timely identify an additional topic for expert testimony, the other Parties will have an additional 14 calendar days added to the deadline for their response, and the deadline for any reply or other responsive report or pleading correspondingly will also be extended by 14 calendar days.

ii. Plaintiffs' initial expert reports will be served by June 5, 2024.

iii. Defendants' expert reports—including rebuttal reports in response to Plaintiffs' initial expert reports and expert reports on a subject not addressed in Plaintiffs' initial expert reports—will be served by July 19, 2024.

iv. In the event that Defendants' expert reports address a subject not addressed in Plaintiffs' initial expert reports, Plaintiffs may serve a rebuttal expert report in response thereto by August 23, 2024.

v. All expert reports must satisfy the requirements of Bankruptcy Rule 7026.

vi. Expert depositions will be completed by October 2, 2024.

5. **Summary Judgment Motions.**

a. In the event that any Party chooses to file a motion for summary judgment, such motion will be filed no later than October 16, 2024;

b. Oppositions to motions for summary judgment will be due no later than 28 calendar days from the filing of the opening motion for summary judgement; and

c. Replies in support of summary judgment will be due no later than 28 calendar days from the filing of the opposition to the motion for summary judgement.

d. Notwithstanding anything in Section 5 of this CMO, in the event that any Defendant chooses to file a motion for summary judgment as its response

to the Complaint in this Action, the briefing schedule for such motion shall be as provided for in Section 3 above.

6. **Mediation.** The Parties will meet and confer regarding appointment of a mediator. On or before January 24, 2024, the Parties shall file a stipulation regarding appointment of mediator. If the Parties fail to file a stipulation on this matter by January 24, 2024, the Parties will request a status conference with the Bankruptcy Court to resolve the dispute concerning the appointment of a mediator. Should the Parties agree on a mediator or the Bankruptcy Court orders a mediator, the Parties then will meet and confer concerning procedures for the mediation. Unless otherwise agreed by the Parties, the mediation shall be governed by Local Rule 9019-5. Local Rule 9019-5(j) will not apply to the mediation in the Action.

7. **Jurisdiction.** Nothing in this CMO shall be deemed a waiver of any Defendant's rights under Local Rule 9013-1(f) or other jurisdictional objections or objections to the extraterritorial application of certain law.

8. **Modification.** The Parties may modify any provision of this CMO by written agreement or, absent such agreement, by seeking an order of the Bankruptcy Court upon good cause shown.

**Dated: August 23rd, 2023**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | |
| FTX TRADING LTD., et al., | Chapter 11 |
| Debtors. | Case No. 22-11068 (JTD) |
| | (Jointly Administered) |
| FTX TRADING LTD. and MACLAURIN INVESTMENTS LTD., Plaintiffs. | |
| v. | Adv. Pro. No. 23-50437 (JTD) |
| LOREM IPSUM UG, PATRICK GRUHN, ROBIN MATZKE, and BRANDON WILLIAMS, Defendants. | |

**PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)(A)**

Pursuant to Paragraph 4 of the Case Management Plan and Scheduling Order, dated August 23, 2023 (ECF No. 9), Rule 7026 of the Federal Rules of Bankruptcy Procedure and Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, Plaintiffs FTX Trading Ltd. and MacLaurin Investments Ltd. (collectively, the "Plaintiffs"), through their undersigned counsel, provide the following initial disclosures in the above-captioned actions (the "Actions").

**RESERVATION OF RIGHTS**

1. These initial disclosures are made without waiving, and without prejudice to, any objections that Plaintiffs may have to any discovery requests, documents, testimony or other information on the grounds of relevance, competency, privilege, work product, hearsay, admissibility, or any other ground, even if related to subject matters described herein. Plaintiffs also reserve the right to object to any subsequent discovery request(s), whether or not directed to subject matters described herein.

2. These initial disclosures are based upon Plaintiffs' current knowledge and investigation to date, and may be incomplete or inaccurate in some respects. Discovery, fact investigation, and trial preparation are ongoing, and additional individuals, entities, and information beyond those listed here that Plaintiffs may use to support their defenses likely will be identified as the Actions progress. Accordingly, Plaintiffs reserve the right to supplement or amend these initial disclosures as appropriate under the Federal Rules of Civil Procedure in light of further discovery, investigation, and trial preparation.

3. Plaintiffs reserve the right to use information to support their claims from sources identified in Defendants' initial disclosures.

**RULE 26(a)(1) DISCLOSURES**

**A. The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Based on Plaintiffs' current information, the individuals identified below are likely to have discoverable information that Plaintiffs may use to support their claims in this action, other than for impeachment purposes. All titles of the former employees of Plaintiffs or any FTX Group[1] companies listed below reflect the most senior position of each individual.[2] In

1 Unless stated otherwise, Plaintiffs herein use the defined terms and phrases set forth in the Complaint filed in the above-captioned adversary proceeding on July 12, 2023 (ECF No. 1).

2 Addresses and telephone numbers listed are those last known to Plaintiffs. Plaintiffs do not authorize communication by Defendants or anyone acting on their behalf with Plaintiffs' current or former employees or consultants, and nothing herein should be construed to authorize Defendants or anyone acting on their behalf to contact any individuals where such contact would violate applicable law, abridge any rule of professional conduct, induce the breach of any contract, or infringe any confidentiality agreement. In particular, all current employees of Plaintiff identified herein should be contacted solely through counsel of record for Plaintiff in the Actions.

making these disclosures, Plaintiffs do not waive their right to object, pursuant to applicable Federal and Local Rules, to the deposition or other testimony of any individual or entity, including those identified herein.

The inclusion of an individual on this list is not a statement by Plaintiffs that the individual necessarily (a) has knowledge or discoverable documents or information that Plaintiffs may use to support their claims, or (b) should or will be among the "custodians" whose e-mails or other documents or information should or will be searched in connection with Plaintiffs' responses to Defendants' document requests or other discovery requests in the Actions. Similarly, the descriptions of subjects as to which the listed individuals may have knowledge or information is not a representation that the individuals (a) actually have knowledge or discoverable documents or information on the listed subjects, or (b) do not have knowledge or discoverable documents or information on subjects in addition to those listed that may be relevant or that Plaintiffs may use to support their claims in the Actions. This list does not include experts and/or consultants who might be retained by Plaintiffs in connection with the Actions.

| **Names** | **Subjects** | **Last Known Contact Information** |
|---|---|---|
| **Current or Former Employees of Plaintiffs and their Affiliates** | | |
| Samuel Bankman-Fried<br>*Former Managing Director*<br>MacLaurin Investments Ltd.<br><br>*Former CEO and Co-Founder*<br>FTX Trading Ltd. | The rationale for Plaintiffs' acquisition of Digital Assets DA AG ("DAAG"), n/k/a FTX Europe AG; Plaintiffs' contemporaneous valuation of DAAG; negotiations with Defendants to acquire DAAG; Plaintiffs' due diligence, if any, in connection with the acquisition; DAAG's platform, business, and technology; Plaintiffs' post-acquisition business plans relating to DAAG as a subsidiary of FTX | c/o Montgomery McCraken Walker & Rhoads LLP<br>437 Madison Avenue<br>24th Floor<br>New York, NY 10022<br>(212) 867-9500<br>or<br>1105 North Market Street<br>15th Floor<br>Wilmington, DE 19801<br>(302) 504-7800 |

| Names | Subjects | Last Known Contact Information |
|---|---|---|
| | Trading Ltd.; Plaintiffs' funding of the acquisition. | |
| Can Sun<br>*Former General Counsel*<br>FTX Trading Ltd. | The rationale for Plaintiffs' acquisition of DAAG; drafting of the legal documentation for Plaintiffs' acquisition of DAAG; Plaintiffs' contemporaneous valuation of DAAG; negotiations with Defendants to acquire DAAG; Plaintiffs' due diligence, if any, in connection with the acquisition; DAAG's platform, business, and technology; Plaintiffs' post-acquisition business plans relating to DAAG as a subsidiary of FTX Trading Ltd.; Plaintiffs' funding of the acquisition. | c/o Steptoe & Johnson LLP<br>1114 Avenue of the Americas<br>New York, NY 10036<br>(212) 506-3900<br>or<br>1330 Connecticut Avenue, NW<br>Washington, DC 20036<br>(202) 429-3000 |
| Daniel Friedberg<br>*Former General Counsel and Chief Regulatory Officer*<br>FTX Trading Ltd. | The rationale for Plaintiffs' acquisition of DAAG; drafting of the legal documentation for Plaintiffs' acquisition of DAAG; Plaintiffs' contemporaneous valuation of DAAG; negotiations with Defendants to acquire DAAG; Plaintiffs' due diligence, if any, in connection with the acquisition; DAAG's platform, business, and technology; Plaintiffs' post-acquisition business plans relating to DAAG as a subsidiary of FTX Trading Ltd.; Plaintiffs' funding of the acquisition. | 1133 Bigelow Avenue North<br>Seattle, WA<br>98109<br>(206) 372-8963 |
| Caroline Papadopoulos<br>*Controller*<br>West Realm Shires Services Inc. | Plaintiffs' contemporaneous valuation of DAAG. | c/o Covington & Burling LLP<br>620 Eighth Avenue<br>New York, NY 10018<br>(212) 841-1000 |
| Stephenie Yuen<br>*Former Senior Finance Manager*<br>FTX Trading Ltd. | Plaintiffs' contemporaneous valuation of DAAG. | Flat G, 36/F, Block 2<br>Ocean View<br>1 Po Tai Street, Ma On Shan, N.T., Hong Kong |

| Names | Subjects | Last Known Contact Information |
|---|---|---|
| | | (852) 5431 8496 |
| Jayesh Peswani<br>*Financial Controller*<br>FTX Trading Ltd. | Plaintiffs' contemporaneous valuation of DAAG. | Flat 13C, York Place, 22 Johnston Road, Wan Chai Hong Kong<br>(852) 9619 7671<br>jayesh@ftx.com |
| Mohammad Hans Dastmaltchi<br>*Former Chairman of the Supervisory Board of FTX MENA*<br>FTX Europe AG | The decision to acquire K-DNA; DAAG's and Plaintiffs' contemporaneous valuation of K-DNA; negotiations with Defendants in connection with the acquisition of K-DNA; Defendants' funding of the acquisition of K-DNA. | mhd4015@gmail.com |
| Nayia Ziourti<br>*Former General Counsel*<br>FTX Trading Ltd.<br><br>*Former Legal Director*<br>PwC Cyprus | DAAG's and Plaintiffs' contemporaneous valuation of K-DNA; negotiations with Defendants in connection with the acquisition of K-DNA; Defendants' funding of the acquisition of K-DNA. | nayia@ftx.com<br>(357) 9940 4684 |
| Jurg Bavaud<br>*CFO*<br>FTX Europe AG | The rationale for Plaintiffs' acquisition of DAAG; drafting of the legal documentation for Plaintiffs' acquisition of DAAG; Plaintiffs' contemporaneous valuation of DAAG; negotiations with Defendants to acquire DAAG; Plaintiffs' due diligence, if any, in connection with the acquisition; DAAG's platform, business, and technology; Plaintiffs' post-acquisition business plans relating to DAAG as a subsidiary of FTX Trading Ltd.; Plaintiffs' funding of the acquisition. | juerg@ftx.com |
| **Current or Former Employees of DAAG** | | |
| Patrick Gruhn<br>*Co-Founder and Former Head*<br>FTX Europe AG f/k/a DAAG | The rationale for Plaintiffs' acquisition of DAAG; drafting of the legal documentation for Plaintiffs' acquisition of DAAG; | c/o Morrison Cohen LLP<br>Heath Rosenblat<br>Jason Gottlieb<br>Joseph Moldovan |

| Names | Subjects | Last Known Contact Information |
| --- | --- | --- |
| *President*<br>Kephas Corp.<br><br>*Co-Founder and Former Managing Director*<br>Crypto Lawyers GmbH | Plaintiffs' and Defendants' contemporaneous valuation of DAAG; negotiations with Defendants to acquire DAAG; Defendants' decisions regarding the entities and intellectual property that would be included in the acquisition; Plaintiffs' due diligence, if any, in connection with the acquisition; DAAG's platform, business, and technology prior to the acquisition; Plaintiffs' post-acquisition business plans relating to DAAG as a subsidiary of FTX Trading Ltd.; Plaintiffs' funding of the acquisition; the services provided by Kephas to FTX Europe AG; the decision to acquire K-DNA; Defendants' and Plaintiffs' contemporaneous valuation of K-DNA; negotiations in connection with the acquisition of K-DNA; Defendants' funding of the acquisition of K-DNA. | Michael Mix<br>909 3rd Avenue<br>New York, New York, United States of America 10022-9998<br>(212) 735-8600<br><br>The Daley Law Firm<br>Darrell Daley<br>4845 Pearl East Circle, Suite 101<br>Boulder, Colorado, United States of America 80301-6113<br>(303) 479-3500 |
| Robin Matzke<br>*Cofounder and Former Head of Legal*<br>FTX Europe AG<br><br>*Managing Director and Shareholder*<br>Lorem Ipsum UG | The rationale for Plaintiffs' acquisition of DAAG; drafting of the legal documentation for Plaintiffs' acquisition of DAAG; Plaintiffs' and Defendants' contemporaneous valuation of DAAG; negotiations with Defendants to acquire DAAG; Defendants' decisions regarding the entities and intellectual property that would be included in the acquisition; Plaintiffs' due diligence, if any, in connection with the acquisition; DAAG's platform, business, and technology prior to the acquisition; Plaintiffs' post-acquisition business plans relating | c/o Morrison Cohen LLP<br>Heath Rosenblat<br>Jason Gottlieb<br>Joseph Moldovan<br>Michael Mix<br>909 3rd Avenue<br>New York, New York, United States of America 10022-9998<br>(212) 735-8600<br><br>The Daley Law Firm<br>Darrell Daley<br>4845 Pearl East Circle, Suite 101<br>Boulder, Colorado, United States of America 80301-6113<br>(303) 479-3500 |

| Names | Subjects | Last Known Contact Information |
|---|---|---|
| | to DAAG as a subsidiary of FTX Trading Ltd.; Plaintiffs' funding of the acquisition; the decision to acquire K-DNA; Defendants' and Plaintiffs' contemporaneous valuation of K-DNA; negotiations in connection with the acquisition of K-DNA; Defendants' funding of the acquisition. | |
| Brandon Williams<br>*Former Employee and Shareholder*<br>FTX Europe AG<br><br>*Managing Director*<br>Cosima Capital | The rationale for Plaintiffs' acquisition of DAAG; drafting of the legal documentation for Plaintiffs' acquisition of DAAG; Plaintiffs' and Defendants' contemporaneous valuation of DAAG; negotiations with Defendants to acquire DAAG; Defendants' decisions regarding the entities and intellectual property that would be included in the acquisition; Plaintiffs' due diligence, if any, in connection with the acquisition; DAAG's platform, business, and technology prior to the acquisition; Plaintiffs' post-acquisition business plans relating to DAAG as a subsidiary of FTX Trading Ltd.; Plaintiffs' funding of the acquisition. | c/o Gebhardt & Smith LLP<br>Lawrence Gebhardt<br>Gregory Arbogast<br>Jennifer Malow<br>One South Street, Suite 2200<br>Baltimore, Maryland, United States of America 21202-3281<br>(410) 752-5830 |
| Max Rhotert<br>*Former COO*<br>FTX Europe AG | The rationale for Plaintiffs' acquisition of DAAG; drafting of the legal documentation for Plaintiffs' acquisition of DAAG; Plaintiffs' contemporaneous valuation of DAAG; negotiations with Defendants to acquire DAAG; Defendants' decisions regarding the entities and intellectual property that would be included in the acquisition; Plaintiffs' due diligence, if any, in connection with the acquisition; | c/o Willig Rechtsanwälte<br>Sandra Figul<br>kanzlei@willig-rechtsanwaelte.com<br>Linda Heinemann<br>linda.heinemann@willig-rechtsanwaelte.com |

| Names | Subjects | Last Known Contact Information |
|---|---|---|
| | DAAG's platform, business, and technology prior to the acquisition; Plaintiffs' post-acquisition business plans relating to DAAG as a subsidiary of FTX Trading Ltd.; Plaintiffs' funding of the acquisition. | |
| **Former Shareholders of DAAG** | | |
| Ernest Ukaj<br>*CEO and Managing Director*<br>Crypto Lawyers GmbH<br><br>*Former Shareholder*<br>FTX Europe AG | The rationale for Plaintiffs' acquisition of DAAG; drafting of the legal documentation for Plaintiffs' acquisition of DAAG; Plaintiffs' and Defendants' contemporaneous valuation of DAAG; negotiations with Defendants to acquire DAAG; Defendants' decisions regarding the entities and intellectual property that would be included in the acquisition; Plaintiffs' due diligence, if any, in connection with the acquisition; DAAG's platform, business, and technology prior to the acquisition; Plaintiffs' post-acquisition business plans relating to DAAG as a subsidiary of FTX Trading Ltd.; Plaintiffs' funding of the acquisition. | eu@kglawyers.ch |
| **Current and Former Employees and Shareholders of K-DNA** | | |
| Martha Lambrianou<br>*CEO*<br>K-DNA Ltd. | The rationale for Defendants' acquisition of K-DNA; drafting of the legal documentation for Defendants' acquisition of K-DNA; Defendants' contemporaneous valuation of K-DNA; negotiations with Defendants to acquire K-DNA; Defendants' due diligence, if any, in connection with the acquisition; K-DNA's platform, business, and technology; Defendants' post-acquisition business plans relating | marthalambrianou@gmail.com |

| Names | Subjects | Last Known Contact Information |
|---|---|---|
| | to K-DNA as a subsidiary of FTX Trading Ltd.; Defendants' funding of the acquisition. | |
| Beniamino Baruh<br>*Former Shareholder*<br>K-DNA Ltd. | The rationale for Defendants' acquisition of K-DNA; drafting of the legal documentation for Defendants' acquisition of K-DNA; Defendants' contemporaneous valuation of K-DNA; negotiations with Defendants to acquire K-DNA; Defendants' due diligence, if any. in connection with the acquisition; K-DNA's platform, business, and technology; Defendants' post-acquisition business plans relating to K-DNA as a subsidiary of FTX Trading Ltd.; Defendants' funding of the acquisition. | benjamin@suissebase.ch |
| Proverial Ltd.<br>*Former Shareholder*<br>K-DNA Ltd. | The rationale for Defendants' acquisition of K-DNA; drafting of the legal documentation for Defendants' acquisition of K-DNA; Defendants' contemporaneous valuation of K-DNA; negotiations with Defendants to acquire K-DNA; Defendants' due diligence, if any, in connection with the acquisition; K-DNA's platform, business, and technology; Defendants' post-acquisition business plans relating to K-DNA as a subsidiary of FTX Trading Ltd.; Defendants' funding of the acquisition. | Sofouli, 16, Chanteclair Tower, Floor 3, Flat 303 1096, Nicosia<br>Cyprus |
| Asher Afriat<br>*Director*<br>Proverial Ltd. | The rationale for Defendants' acquisition of K-DNA; drafting of the legal documentation for Defendants' acquisition of K-DNA; Defendants' contemporaneous valuation of K-DNA; negotiations with | asher@afriat.co.il |