| Names | Subjects | Last Known Contact Information |
|---|---|---|
| | Defendants to acquire K-DNA; Defendants' due diligence, if any, in connection with the acquisition; K-DNA's platform, business, and technology; Defendants' post-acquisition business plans relating to K-DNA as a subsidiary of FTX Trading Ltd.; Defendants' funding of the acquisition. | |
| **External Professional Firms** | | |
| BDO USA LLP | The valuation of DAAG's intangible assets and liabilities and the report entitled "ASC 805 Valuation of Certain Assets of FTX Trading Ltd. for Financial Reporting Purposes," dated April 7, 2022. | 330 N. Wabash Avenue Chicago, Illinois 60611 (312) 856-9100 |
| Prager Metis International Group | The creation of the 2021 audited financial statement of FTX Trading Ltd. | 14 Pennsylvania Plaza #1800 New York, New York 10122 (212) 643-0099 |
| Silicon Valley Accountants | The valuation of DAAG's goodwill and tangible assets and liabilities. | 20525 Center Ridge Road Suite 360 Rocky River, Ohio 44116 |
| Rivers & Moorehead PLLC | The valuation of DAAG. | 398 S. Mill Avenue Tempe, Arizona 85281 |
| PwC Cyprus | The decision by Defendants to acquire K-DNA, Defendants' contemporaneous valuation of K-DNA; Defendants' due diligence, if any, in connection with the acquisition; Defendants' post-acquisition business plans relating to K-DNA as a subsidiary of FTX Trading Ltd.; Defendants' funding of the acquisition. | 43 Demostheni Severi Avenue CY-1080 Nicosia, Cyprus +357 22 555000 |
| Taylor Wessing LLP | The decision to acquire DAAG; Plaintiffs' contemporaneous valuation of DAAG; negotiations with Defendants in connection | Taylor Wessing (US) Inc. 88 Kearny Street, Suite 1770 San Francisco, California 94108 |

A.0014

| Names | Subjects | Last Known Contact Information |
|---|---|---|
| | with the acquisition; Plaintiffs' due diligence, if any, in connection with the acquisition. | (650) 666-8400 |
| MLL Legal AG | The decision to acquire DAAG; Plaintiffs' contemporaneous valuation of DAAG; negotiations with Defendants in connection with the acquisition; Plaintiffs' due diligence, if any, in connection with the acquisition. | MLL Meyerlustenberger Lachenal Froriep Ltd Schiffbaustrasse 2 PO Box 8031 Zurich Switzerland +41 58 552 08 00 |
| Annerton Rechtsanwaltsgesellschaft GmbH | The decision to acquire DAAG; Plaintiffs' contemporaneous valuation of DAAG; negotiations with Defendants in connection with the acquisition; Plaintiffs' due diligence, if any, in connection with the acquisition. | Annerton Rechtsanwaltsgesellschaft mbH Wöhlerstraße 5 60323 Frankfurt a. M. Germany +49 69 2043 689 -0 |
| **Other(s)** | | |
| Stephen Stephens *CEO* Kephas Corp. | The services provided by Kephas to FTX Europe AG; the fees charged for such services; and the ownership structure and beneficial owners of Kephas and its parents, subsidiaries and affiliates. | stephen@digitalassets.ag |

In addition to the persons identified above, Plaintiffs also identify all persons named in Defendants' initial disclosures pursuant to Rule 26(a)(1) in these Actions, as well as all persons named in witness lists in these Actions and all individuals deposed in these Actions.

    **B.**    **A copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Based on current information, Plaintiffs have identified the following categories of documents, electronically stored information, and tangible things that Plaintiffs have in their possession, custody, or control and may use to support their claims, other than solely for

-11-

A.0015

impeachment purposes. Plaintiffs expressly reserve the right to identify and use documents from additional categories if, in the course of discovery and investigation relating to this action, Plaintiffs learn that such additional categories contain relevant documents or if they are requested by any party in discovery.

      1.    Documents and communications regarding Plaintiffs' relationship with individuals and entities that sold shares of DAAG.

      2.    Documents and communications regarding Plaintiffs' acquisition of DAAG.

      3.    Documents and communications regarding DAAG's business prior to its acquisition.

      4.    Documents and communications regarding FTX Europe AG f/k/a DAAG's operations and performance following its acquisition.

      5.    Documents and communications concerning the services provided by Kephas Corporation to Plaintiffs.

      6.    Documents and communications concerning DAAG's acquisition of K-DNA Financial Services Ltd.

      7.    Documents and communications regarding the potential sale of FTX Europe AG following Plaintiffs' initiation of these Chapter 11 cases.

Documents Plaintiffs may use to support their claims are currently located at the office of its counsel, Sullivan & Cromwell LLP, at 125 Broad Street, New York, New York 10004. Plaintiffs reserve all objections to producing material subject to the attorney-client privilege or work product protection and to producing other confidential material in the absence of a suitable protective order.

C. **A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, Plaintiffs seek to recover the value of fraudulent transfers and preferential transfers made by Plaintiffs to the Defendants, plus the value of any additional avoidable transfers that Plaintiffs learn, through discovery or otherwise, were made to the Defendants during the applicable avoidance period, as set forth in Exhibit A of the Complaint. Plaintiffs reserve the right to supplement, revise, clarify, correct or otherwise amend this response in the event they assert claims for alternative damages in the Actions.

D. **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse payments made to satisfy the judgment.**

Plaintiffs will produce any potentially applicable insurance agreement(s) in discovery in the Actions, without conceding the applicability of such agreement(s).

| | |
|---|---|
| Dated: September 27, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew B. McGuire*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>         mcguire@lrclaw.com<br>         brown@lrclaw.com<br>         pierce@lrclaw.com<br><br>-and- |

**SULLIVAN & CROMWELL LLP**
Steven L. Holley (admitted *pro hac vice*)
Stephen Ehrenberg (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Christopher J. Dunne (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: holleys@sullcrom.com
        ehrenbergs@sullcrom.com
        gluecksteinb@sullcrom.com
        dunnec@sullcrom.com

*Counsel for the Debtors
and Debtors-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>  Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| FTX TRADING LTD. and MACLAURIN INVESTMENTS LTD.,<br><br>  Plaintiffs,<br><br>       -against-<br><br>LOREM IPSUM UG, PATRICK GRUHN, ROBIN MATZKE, and BRANDON WILLIAMS,<br><br>  Defendants. | Adv. Pro. No. 23-50437 (JTD) |

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(A)(1) OF
DEFENDANTS LOREM IPSUM UG, PATRICK GRUHN, AND ROBIN MATZKE**

Defendants Lorem Ipsum UG, Patrick Gruhn, and Robin Matzke ("**Defendants**"), through undersigned counsel, make these initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i).

**PRELIMINARY STATEMENT**

These disclosures were prepared after a reasonable inquiry and are complete and correct as of this date. Defendants will supplement or modify these disclosures as appropriate if and when additional information becomes available.

By producing any documents or identifying any persons likely to have relevant knowledge, Defendants do not waive any objection that they now have or may hereafter have as to: (a) the production of documents; (b) the admissibility in evidence at any proceeding of any documents identified herein; or (c) the knowledge of any witness or testimony disclosed or identified herein. Defendants also object to the production of, and do not disclose, documents or other information to the extent the disclosures might otherwise call for attorney-client privileged information or attorney work product, or otherwise privileged information.

A.0019

**I.    DISCLOSURE OF INDIVIDUALS PURSUANT TO FRCP 26(a)(1)(A)(i).**

The following are individuals likely to have discoverable information that Defendants may use to support their claims and defenses in the above-captioned adversary proceeding ("**Adversary Proceeding**"), unless solely for impeachment:

1.    Patrick Gruhn, c/o The Daley Law Firm LLC, 4845 Pearl East Circle, Suite 101, Boulder CO 80301, 303-479-3500. Mr. Gruhn may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Patrick Gruhn has knowledge surrounding the initiation of the relationship between Digital Assets DA AG ("**DAAG**) and Alameda Ventures Ltd. (which is now known as Maclaurin Investments Ltd.) and FTX Trading Ltd.; the formation and growth of DAAG; DAAG's unique business plan; the licensure pursued and obtained by DAAG; the technology employed by DAAG; DAAG's relationship with various crucial regulators; the value of DAAG at the time of the disputed transfers; the negotiations and ultimate consummation of the disputed transactions; the value of DAAG to Maclaurin Investments Ltd. and FTX Trading, Ltd.; other offers and interest that third parties had in DAAG; and the success of DAAG after its ultimate acquisition by FTX Trading, Ltd.

2.    Robin Matzke, c/o The Daley Law Firm LLC, 4845 Pearl East Circle, Suite 101, Boulder CO 80301, 303-479-3500. Mr. Matzke may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Robin Matzke has knowledge surrounding the initiation of DAAG's relationship with Maclaurin Investments Ltd. and FTX Trading Ltd.; the formation and growth of DAAG; DAAG's unique business plan; the licensure pursued and obtained by DAAG; the technology employed by DAAG; DAAG's relationship with various crucial regulators; the value of DAAG at the time of the disputed transfers; the negotiations and ultimate consummation of the disputed transactions; the value of DAAG to Maclaurin Investments Ltd. and FTX Trading, Ltd.; other offers and interest that third parties had in DAAG; and the success of DAAG after its ultimate acquisition by FTX Trading, Ltd.

3.    Brandon Williams, c/o Gebhardt & Smith LLP, One South Street, Suite 2200 Baltimore, MD 21202, 410-752-5830. Mr. Williams may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Brandon Williams has knowledge surrounding the initiation of DAAG's relationship with FTX Trading Ltd. and Maclaurin Investments Ltd.; the formation and growth of DAAG; DAAG's unique business plan; the value of DAAG at the time of the disputed transfers; the negotiations and ultimate consummation of the disputed transactions; the value of DAAG to Maclaurin Investments Ltd. and FTX Trading, Ltd.; and other offers and interest that third parties had in DAAG.

4.    Ernest Ukaj, address and phone number unknown to Defendants. Mr. Ukaj may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Ernest Ukaj has knowledge surrounding of the formation and growth of DAAG; DAAG's unique business plan; the licensure pursued and obtained by DAAG; the technology employed by DAAG; DAAG's relationship with various crucial regulators; and the value of DAAG at or around the time of the disputed transfers.

5.      Samuel Bankman-Fried, Metropolitan Detention Center, 80 29th St., Brooklyn, NY 11232, phone number unknown to Defendants. Mr. Bankman-Fried may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Sam Bankman-Fried has knowledge of the allegedly fraudulent schemes in which he conspired at FTX Trading, Ltd. and/or its affiliates and the inapplicability of same to DAAG; FTX Trading, Ltd.'s general business operations and plans; FTX Trading, Ltd.'s and Maclaurin Investments Ltd.'s finances and solvency; FTX Trading Ltd.'s intention with respect to the investment in and acquisition of DAAG and the group of companies FTX Trading, Ltd. or its affiliates required to provide similar services in the U.S., e.g., Ledger X, FTX US and Embed; information about the market share of existing clients of FTX Trading, Ltd. from Europe; information about the comparable market share in the U.S.; information surrounding the initiation of DAAG's relationship with FTX Trading, Ltd.; DAAG's unique business plan; the licensure pursued and obtained by DAAG; the technology employed by DAAG; DAAG's relationship with various crucial regulators; the value of DAAG at the time of the disputed transfers; the negotiations and ultimate consummation of the disputed transactions; the value of DAAG to FTX Trading, Ltd.; other offers and interest that third parties had in DAAG; and the success of DAAG after its acquisition by FTX Trading, Ltd.

6.      Nishad Singh, address and phone number unknown to Defendants. Mr. Singh may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Nishad Singh has knowledge of the allegedly fraudulent schemes perpetrated by FTX Trading, Ltd. and/or its affiliates and the inapplicability of same to DAAG; and the capabilities of FTX Europe AG to fulfill regulatory technology requirements through its relationship with Kephas Corp., without the need to use FTX Trading, Ltd.'s technology.

7.      Can Sun, address and phone number unknown to Defendants. Can Sun may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Can Sun served as counsel for FTX and was involved in the negotiations between Maclaurin Investments Ltd. and FTX Trading Ltd. and DAAG with respect to the investment in and ultimate acquisition of DAAG. Can Sun has knowledge about the market share of Europe and the risk of losing existing clients in Europe if FTX Trading, LTD had no license; the risk of "reverse-solicitation"; the value of being able to actively solicit clients in Europe; and the roles and duties of the individual Defendants.

8.      Daniel Friedberg, address and phone number unknown to Defendants. Mr. Friedberg may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Daniel Friedberg served as counsel for FTX Trading, Ltd. and was involved in the negotiations between Maclaurin Investments Ltd., FTX Trading, Ltd. and DAAG with respect to the investment in and ultimate acquisition of DAAG.

9.      Martha Labranou, former CEO of K-DNA Financial Services Ltd., address and phone number unknown to Defendants. Martha Labranou may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Martha Labranou served as the CEO of K-DNA, which became affiliated with FTX Europe AG. Martha Labranou has knowledge of the value that the DAAG acquisition brought to FTX Trading, Ltd..

10. Marios Athinodorou, former Executive Director of FTX Europe AG, address and phone number unknown to Defendants. Marios Athinodorou may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Marios Athinodorou has knowledge of the value that the DAAG acquisition brought to FTX Trading, Ltd..

11. Max Rhotert, former COO of Crypto Lawyers GmbH (aka Canco GmbH and FTX Switzerland GmbH), and COO of FTX Europe AG, address and phone number unknown to Defendants. Max Rhotert has knowledge regarding the negotiations with Binance; Max Rhotert might also possess documents relevant to FTX Switzerland GmbH and FTX Europe AG; Max Rhotert has knowledge of the licenses held by DAAG; the value of those licenses in the marketplace; and the value that the DAAG acquisition brought to FTX Trading, Ltd.

12. Michael Kott, CM-Equity AG, Kaufingerstrasse 20, 80331, Munich, Germany, phone number unknown to Defendants. Michael Kott may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Michael Kott has knowledge about the ability of DAAG to enable investment firms to enter mass retail business for derivatives, including securities; the value of the DAAG option agreement to acquire CM-Equity; the licenses possessed by DAAG; and the value of the licenses and business of DAAG.

13. Marcel Lotscher, address and phone number unknown to Defendants. Marcel Lotscher may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Marcel Lotscher served as a regulator in Lichenstein for ten years. After FTX Trading, Ltd.'s acquisition of DAAG, FTX Europe AG hired Marcel Lotscher to work for FTX EU AG. Marcel Lotscher has knowledge of DAAG's licensure; the value of that licensure in the marketplace; and the benefits that DAAG rendered to FTX Trading Ltd. after the acquisition.

14. Caroline Ellison, address and phone number unknown to Defendants. Caroline Ellison may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Caroline Ellison has knowledge of the allegedly fraudulent schemes perpetrated by FTX Trading, Ltd. and/or its affiliates and the inapplicability of same to DAAG; and the solvency of FTX Trading Ltd. and Maclaurin Investments Ltd. at the time of the disputed transfers.

15. Gary Wang, address and phone number unknown to Defendants. Gary Wang may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Gary Wang has knowledge of the allegedly fraudulent schemes perpetrated by FTX Trading, Ltd. and/or its affiliates and the inapplicability of same to DAAG; and the solvency of FTX Trading Ltd. and Maclaurin Investments Ltd. at the time of the disputed transfers.

16. Zach Dexter, former CEO of LedgerX, address and phone number unknown to Defendants. Zach Dexter may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Zach Dexter has knowledge about the value of LedgerX compared to DAAG, the market share of FTX US compared to FTX Trading, Ltd. and FTX Europe AG in Europe, and the negotiations of the acquisition of LedgerX by FTX Trading, Ltd..

**A.0022**

17. Brett Harrison, former CEO of FTX US, address and phone number unknown to Defendants. Brett Harrison may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Brett Harrison has knowledge about the value of offering SPOT+ throughout the European Economic Area, the market share of FTX US compared to Europe, and the negotiations of the acquisition by FTX Trading, Ltd.

18. Michael Giles former CEO of Embed Financial Technologies Inc., address and phone number unknown to Defendants. Michael Giles may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Michael Giles has knowledge about the value of offering shares through FTX Trading, Ltd., the market share of FTX US compared to Europe, and the negotiations of the acquisition of Embed by FTX.

19. William Shihara, former CRO of Bittrex, address and phone number unknown to Defendants. Mr. Shihara may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. William Shihara served as the CEO for Bittrex at or around the time of Maclaurin Investments Ltd.'s initial investment in DAAG. William Shihara has knowledge of discussions with DAAG pertaining to a potential transaction between DAAG and Bittrex; the value of DAAG at or around the time of FTX Trading Ltd. and/or Maclaurin Investments Ltd.'s investment in DAAG; and the market potential of DAAG.

20. Ryne Miller, Miller Strategic Partners LLP, former General Counsel of FTX Trading, Ltd. and former partner with Sullivan & Cromwell LLP, address and phone number unknown to Defendants. Mr. Miller may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Ryne Miller served as counsel to FTX Trading, Ltd. at or around the time of FTX Trading Ltd. and/or Maclaurin Investments Ltd.'s investment in and acquisition of DAAG. Mr. Miller had knowledge of the European regulatory scheme for cryptocurrency exchanges and provided FTX Trading, Ltd. with legal advice with respect to such regulatory schemes in connection with FTX Trading Ltd.'s and Maclaurin Investments Ltd.'s DAAG investment and acquisition. At or around the same time, Ryne Miller served as counsel for FTX Trading, Ltd. in connection with the acquisition of Ledger X, a similarly situated company to DAAG in the United States, and Ryne Miller provided due diligence services in connection with the Ledger X transaction. Ryne Miller has knowledge of the value that a licensed company with the ability to service Europe legally to FTX Trading, Ltd.

21. Gregory Landegger, Chief Investment Officer, The Whittemore Collection, address and phone number unknown to Defendants. Gregory Landegger may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Gregory Landegger served as the Chief Investment Officer of the Whittemore Collection at or around the time of FTX Trading, Ltd.'s investment in and acquisition of DAAG. Gregory Landegger has knowledge of discussions with DAAG pertaining to a potential transaction between the Whittemore Collection and DAAG; the value of DAAG at or around the time of FTX Trading's acquisition of DAAG; and the market potential of DAAG.

22. Wei Zhou, former CFO of Binance, address and phone number unknown to Defendants. Wei Zhou may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Wei Zhou served as the Chief Financial Officer of Binance

at or around the time of FTX Trading, Ltd.'s acquisition of DAAG. Wei Zhou has knowledge of discussions with DAAG pertaining to a potential transaction between DAAG and Binance; the value of DAAG at or around the time of FTX Trading, Ltd.'s acquisition of DAAG; and the market potential of DAAG.

23. David Koa, former head of Binance (Singapore), address and phone number unknown to Defendants. David Koa may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. David Koa served as the head of Binance (Singapore) at or around the time of FTX Trading Ltd.'s acquisition of DAAG. David Koa have knowledge of discussions with DAAG pertaining to a potential transaction between DAAG and Binance; the value of DAAG at or around the time of FTX Trading, Ltd.'s acquisition of DAAG; and the market potential of DAAG.

24. Ryan Salame, address and phone number unknown to Defendants. Ryan Salame may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Ryan Salame has knowledge of the allegedly fraudulent schemes in which he conspired at FTX Trading, Ltd. and/or its affiliates and the inapplicability of same to DAAG; FTX Tradng Ltd.'s general business operations and plans; FTX Trading Ltd.'s finances and solvency; FTX Trading, Ltd.'s intention with respect to the investment in and acquisition of DAAG and a similarly situated company, Ledger X; information surrounding the initiation of DAAG's relationship with FTX Trading, Ltd.; DAAG's unique business plan; the licensure pursued and obtained by DAAG; the technology employed by DAAG; DAAG's relationship with various crucial regulators; the value of DAAG at the time of the disputed transfers; the negotiations and ultimate consummation of the disputed transactions; the value of DAAG to FTX Trading, Ltd.; other offers and interest that third parties had in DAAG; and the success of DAAG after its acquisition by FTX Trading, Ltd.

25. Dan Chapsky, address and phone number unknown to Defendants. Dan Chapsky may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Dan Chapsky was Head of Data Science at FTX Trading, Ltd. and has knowledge about the existing clients and fee income generated from Europe; the market share of clients from the European Economic Area and the third countries Argentina, British Virgin Islands (BVI), Brunei, Cayman Islands, China, Egypt, Georgia, Indonesia, Jordan, Kazakhstan, Kuwait, Lebanon, Malaysia, Mongolia, Montenegro, Panama, Philippines, Qatar, South Korea, South Africa, Switzerland, Thailand, Turkey, UAE, Ukraine; the relationship with Kephas Corp.; and the capabilities of FTX Europe AG and Kephas to fulfill regulatory technology requirements.

26. Swiss Administrator, Professor Franco Lorandi, Holenstein Brusa Ltd Utoquai 29/31, 8008 Zurich Switzerland, lorandi@hol-law.ch, +41 44 251 84 09. Franco Lorandi may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding, including the Swiss administrative proceedings against FTX Europe, AG.

27. Dr. Kiliam Scharli, LLM, Partner, MLL Legal, Grabenstrasse 2 CH-6340 Baar, Switzerland, +41 58 552 03 50, kilian.schaerli@mll-legal.com. Dr. Scharli may possess discoverable information relating to the claims and defenses alleged in the Adversary Proceeding. Dr. Scharli was counsel to FTX Trading, Ltd. for the acquisition of DAAG.

**A.0024**

28. All persons identified by Plaintiffs.

29. All persons identified by defendant Brandon Williams.

30. Any additional persons about whom Defendants become aware during the course of discovery. Defendants reserve the right to supplement the foregoing list.

## II. DISCLOSURE OF DOCUMENTS PURSUANT TO FRCP 26(a)(1)(A)(ii).

Defendants are in the process of collecting, reviewing, and organizing documents in their possession that they intend to use in support of their claims and defenses, and intend to produce such responsive documents in accordance with the discovery schedule approved and ordered by the Bankruptcy Court. However, Defendants are aware that the following categories of documents in their possession are likely to be relevant to disputed facts in this Adversary Proceeding. The categories of documents, electronically stored information and tangible things that are in the possession, custody or control of Defendants that they may use to support their defenses in this matter, except those that may be used solely for impeachment, include the following:

1. Term sheets, agreements, communications, and payment information related to the DAAG investments and acquisition;
2. Communications between Defendants and Samuel Bankman-Fried;
3. Term sheets and agreement related to DAAG and CM-Equity business dealings;
4. Communications, agreements, payment confirmations, approval letters, curriculum vitae of relevant executives, business plans, organization structure documents related to the K-DNA acquisition;
5. Kephas corporate records, employee and contractor reports, and cloud services agreements;
6. BDO Assessment of DAAG, pitch deck, and communications regarding DAAG valuation;
7. Lorem Ipsum company documents;
8. Employment Agreement between Robin Matzke and FTX Trading GmbH;
9. Termination Agreement between Robin Matzke and FTX Trading GmbH;
10. Fixed Term Employment Agreement between Robin Matzke and FTX EU LTD;
11. Communications between Brandon Williams and Ryan Salame;
12. Communications regarding Coinbase and FTX Europe AG;
13. Payment confirmations;
14. Irrevocable Fee Agreement between DAAG and Mohammad Hans Dastmaltchi;
15. FTX Exchange FZE Virtual Asset Service Provider License;
16. FTX Exchange FZE Virtual Assets MVP Provisional Approval letter;

17. Any documents identified, disclosed or produced by any other party; and

18. All rebuttal documents, as necessary.

Defendants' investigation into this matter is ongoing, and Defendants reserve the right to supplement these disclosures as discovery proceeds.

### III.    COMPUTATION OF DAMAGES PURSUANT TO FRCP 26(a)(1)(A)(iii).

Defendants do not seek damages at this time, but reserve the right to update this response.

### IV.    DISCLOSURE OF INSURANCE PURSUANT TO FRCP 26(a)(1)(A)(iv).

There is no insurance agreement that may satisfy all or part of a judgment in this action.

Dated: September 27, 2023

**THE DALEY LAW FIRM, LLC**

By:   */s/ Darrell M. Daley*
    Darrell M. Daley
    Samantha Neal

4845 Pearl East Circle, Suite 101
Boulder, CO 80301
Tel:  (303) 479-3500
E-mail:  darrell@daleylawyers.com
        samantha@daleylawyers.com

**MORRISON COHEN LLP**

By:   */s/ Heath D. Rosenlat*
    Heath D. Rosenblat
    Joseph T. Moldovan
    Michael Mix

909 Third Avenue, 27th Floor
New York, New York 10022
Telephone:    (212) 735-8600
Facsimile:    (212) 735-8708
E-mail:    hrosenblat@morrisoncohen.com
        jmoldovan@morrsioncohen.com
        mmix@morrisoncohen.com

*Co-Counsel for Lorem Ipsum UG, Patrick Gruhn, and Robin Matzke*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| FTX TRADING LTD. and MACLAURIN INVESTMENTS LTD.,<br><br>    Plaintiffs,<br><br>        -against-<br><br>LOREM IPSUM UG, PATRICK GRUHN, ROBIN MATZKE, and BRANDON WILLIAMS,<br><br>    Defendants. | Adv. Pro. No. 23-50437 (JTD) |

**DEFENDANT, BRANDON WILLIAMS'S,
<u>INITIAL RULE 26(a)(1) DISCLOSURES</u>**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, as made applicable by Rule 7026 of the Federal Rules of Bankruptcy Procedure and the Scheduling Order (D.I. 8) entered in this case, Defendant, Brandon Williams, provides the following Initial Rule 26(a)(1) Disclosures to Plaintiffs, FTX Trading Ltd. and Maclaurin Investments Ltd. The information provided in these Disclosures is preliminary only and shall not be considered to constitute admissions by Defendant.

    1.    **Individuals likely to possess discoverable information.**

        Brandon Williams
        c/o Gebhardt & Smith LLP
        1000 N. West Street, Suite 1200
        Wilmington, DE 19801

Brandon Williams has knowledge surrounding the initiation of Digital Assets AG's

A.0027

relationship with FTX Trading Ltd. and Maclaurin Investments Ltd. (collectively, "FTX"); the formation and growth of DAAG; DAAG's unique business plan; the value of DAAG at the time of the disputed transfers; the negotiations and consummation of the disputed transactions; the value of DAAG to FTX; and other offers and interest that third parties had in DAAG.

> Patrick Gruhn
> c/o Heath D. Rosenblat
> Morrison Cohen LLP
> 909 Third Avenue, 27th Floor
> New York, NY 10022

Patrick Gruhn has knowledge surrounding the initiation of DAAG's relationship with FTX; the formation and growth of DAAG; DAAG's unique business plan; the licensure pursued and obtained by DAAG; the tech stack employed by DAAG; DAAG's relationship with various crucial regulators; the value of DAAG at the time of the disputed transfers; the negotiations and consummation of the disputed transactions; the value of DAAG to FTX; other offers and interest that third parties had in DAAG; and the success of DAAG after its acquisition by FTX.

> Robin Matzke
> c/o Heath D. Rosenblat
> Morrison Cohen LLP
> 909 Third Avenue, 27th Floor
> New York, NY 10022

Robin Matzke has knowledge surrounding the initiation of DAAG's relationship with FTX; the formation and growth of DAAG; DAAG's unique business plan; the licensure pursued and obtained by DAAG; the tech stack employed by DAAG; DAAG's relationship with various crucial regulators; the value of DAAG at the time of the disputed transfers; the negotiations and consummation of the disputed transactions; the value of DAAG to FTX; other offers and interest that third parties had in DAAG; and the success of DAAG after its acquisition by FTX.