# Exhibit A

| | |
|---|---|
| **From:** | Rosenfeld, Jared H. |
| **Sent:** | Monday, September 11, 2023 9:37 AM |
| **To:** | Darrell Daley; Lawrence J. Gebhardt |
| **Cc:** | Ehrenberg, Stephen; Rosenblat, Heath D.; Samantha Neal; Gottlieb, Jason; Moldovan, Joseph T.; Gregory L. Arbogast; Mix, Michael; Drayden Peters; Goldman, Jessica H.; Mazumdar, Aneesa; Holley, Steven L.; Glueckstein, Brian D.; Dunne, Christopher J.; Brandon Williams (b.williams@cosimacapital.co) |
| **Subject:** | RE: [EXTERNAL] Re: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD) |

Darrell:

The Court entered scheduling order, so there will not be a conference. Thanks.

---

**From:** Darrell Daley <darrell@daleylawyers.com>
**Date:** Sunday, Sep 10, 2023 at 21:58
**To:** Lawrence J. Gebhardt <lgebh@gebsmith.com>
**Cc:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>, Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>, Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>, Samantha Neal <samantha@daleylawyers.com>, Gottlieb, Jason <jgottlieb@morrisoncohen.com>, Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>, Gregory L. Arbogast <garbogast@gebsmith.com>, Mix, Michael <mmix@morrisoncohen.com>, Drayden Peters <epeters@gebsmith.com>, Goldman, Jessica H. <goldmanj@sullcrom.com>, Mazumdar, Aneesa <mazumdara@sullcrom.com>, Holley, Steven L. <holleyS@sullcrom.com>, Glueckstein, Brian D. <gluecksteinb@sullcrom.com>, Dunne, Christopher J. <Dunnec@sullcrom.com>, Brandon Williams (b.williams@cosimacapital.co) <b.williams@cosimacapital.co>
**Subject:** [EXTERNAL] Re: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD)

I have not seen a response to this email. I assume it is off calendar. If not please advise first thing tomorrow so we can make arrangements to appear.

Darrell

Darrell M. Daley
The Daley Law Firm
4845 Pearl East Circle, Suite 101
Boulder, Colorado 80301
303.479.3500

> On Aug 30, 2023, at 7:51 AM, Lawrence J. Gebhardt <lgebh@gebsmith.com> wrote:
>
> Can we assume that the Scheduling Conference set for September 13, 2023 has or will be cancelled and that Debtors' counsel will attend to removing it from that week's court agenda?

**From:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>
**Sent:** Tuesday, August 22, 2023 3:13 PM
**To:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>; Lawrence J. Gebhardt
<lgebh@gebsmith.com>; Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>; Darrell Daley
<darrell@daleylawyers.com>; Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason
<jgottlieb@morrisoncohen.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Gregory L.
Arbogast <garbogast@gebsmith.com>; Mix, Michael <mmix@morrisoncohen.com>; Drayden Peters
<epeters@gebsmith.com>
**Cc:** Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>;
Holley, Steven L. <holleyS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne,
Christopher J. <Dunnec@sullcrom.com>
**Subject:** RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-
50437 (JTD)

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you
> recognize the sender and know the content is safe.

Yes, currently Sept 13

---

**From:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>
**Sent:** Tuesday, August 22, 2023 2:57 PM
**To:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>; Lawrence J. Gebhardt <lgebh@gebsmith.com>;
Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>; Darrell Daley <darrell@daleylawyers.com>; Samantha
Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan,
Joseph T. <jmoldovan@morrisoncohen.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Mix,
Michael <mmix@morrisoncohen.com>; Elizabeth D. Peters <epeters@gebsmith.com>
**Cc:** Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>;
Holley, Steven L. <holleyS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne,
Christopher J. <Dunnec@sullcrom.com>
**Subject:** [EXTERNAL] RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv.
P. No. 23-50437 (JTD)

Thanks.

Are we officially adjourned for tomorrow?

**Heath D. Rosenblat**
*Partner*
*he/him/his*
T: 212.735.8757 | F: 917.522.3157
hrosenblat@morrisoncohen.com
vCard [morrisoncohen.com] | Bio [morrisoncohen.com] | LinkedIn [linkedin.com]

**Morrison Cohen LLP**
909 Third Avenue
27th Floor
New York, NY 10022
www.morrisoncohen.com [morrisoncohen.com]

**From:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>
**Sent:** Tuesday, August 22, 2023 9:59 AM
**To:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>; Lawrence J. Gebhardt <lgebh@gebsmith.com>; Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>; Darrell Daley <darrell@daleylawyers.com>; Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Mix, Michael <mmix@morrisoncohen.com>; Elizabeth D. Peters <epeters@gebsmith.com>
**Cc:** Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>; Holley, Steven L. <holleyS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Subject:** RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD)

---

**CAUTION:** External sender. Verify before continuing.

---

Great, we will get this submitted.  Thanks.

---

**From:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>
**Sent:** Tuesday, August 22, 2023 9:17 AM
**To:** Lawrence J. Gebhardt <lgebh@gebsmith.com>; Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>; Ehrenberg, Stephen <EhrenbergS@sullcrom.com>; Darrell Daley <darrell@daleylawyers.com>; Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Mix, Michael <mmix@morrisoncohen.com>; Elizabeth D. Peters <epeters@gebsmith.com>
**Cc:** Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>; Holley, Steven L. <holleyS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Subject:** [EXTERNAL] RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD)

Agreed. Same.  Thank you.

**Heath D. Rosenblat**
*Partner*
*he/him/his*
T: 212.735.8757 | F: 917.522.3157
hrosenblat@morrisoncohen.com
vCard [morrisoncohen.com] | Bio [morrisoncohen.com] | LinkedIn [linkedin.com]

**Morrison Cohen LLP**
909 Third Avenue
27th Floor
New York, NY 10022
www.morrisoncohen.com [morrisoncohen.com]

---

**From:** Lawrence J. Gebhardt <lgebh@gebsmith.com>
**Sent:** Tuesday, August 22, 2023 5:44 AM
**To:** Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>; Rosenblat, Heath D.

<hrosenblat@morrisoncohen.com>; Ehrenberg, Stephen <EhrenbergS@sullcrom.com>; Darrell Daley <darrell@daleylawyers.com>; Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Mix, Michael <mmix@morrisoncohen.com>; Elizabeth D. Peters <epeters@gebsmith.com>
**Cc:** Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>; Holley, Steven L. <holleyS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Subject:** RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD)

**CAUTION:** External sender. Verify before continuing.

I have no objections to the changes or to filing the CMO as it now is.

Lawrence J. Gebhardt, Esquire
Gebhardt & Smith LLP
One South Street, Suite 2200
Baltimore, MD  21202
(410) 385-5100 (direct)
(410) 752-5830 (main)
(410) 957-1916 (fax)

**From:** Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>
**Sent:** Monday, August 21, 2023 9:00 PM
**To:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>; Ehrenberg, Stephen <EhrenbergS@sullcrom.com>; Darrell Daley <darrell@daleylawyers.com>; Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Mix, Michael <mmix@morrisoncohen.com>; Elizabeth D. Peters <epeters@gebsmith.com>; Lawrence J. Gebhardt <lgebh@gebsmith.com>
**Cc:** Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>; Holley, Steven L. <holleyS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Subject:** RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD)

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

All,

We've turned a new draft of the CMO with language reflecting what we discussed on our call and some formatting adjustments, plus a redline showing the changes.  Please let us know if you have further edits.

Regards,

Jared H. Rosenfeld

Sullivan & Cromwell LLP | 125 Broad Street |
  New York, NY  10004-2498
T: (212) 558-3752
rosenfeldj@sullcrom.com | http://www.sullcrom.com

---

**From:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>
**Sent:** Friday, August 18, 2023 3:07 PM
**To:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>; Darrell Daley <darrell@daleylawyers.com>;
Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>;
Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Gregory L. Arbogast
<garbogast@gebsmith.com>; Mix, Michael <mmix@morrisoncohen.com>; Elizabeth D. Peters
<epeters@gebsmith.com>; Lawrence J. Gebhardt <lgebh@gebsmith.com>
**Cc:** Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>;
Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>; Holley, Steven L. <holleyS@sullcrom.com>;
Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Subject:** [EXTERNAL] RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv.
P. No. 23-50437 (JTD)

Steve,

Thank you for the turn of the CMO yesterday.  Attached please find a clean-revised CMO and a redline
showing our proposed changes.  The redline reflects mainly clean-up to the general formatting, outline
style-format, tightening of certain language, and fixing of dates that fell on weekends and holidays
(Thanksgiving).  Please let us know by Monday COB if this acceptable or if we need to (a) extend for
further discussions or (b) submit competing versions to the Court by 8/24.

The attached remains subject to client review and approval and ultimate agreement.

We are amendable to adjourning the PTC until the week after Labor Day at the earliest.

Happy to discuss as always. Thanks in advance and have a nice weekend.

Be well,
Heath


**Heath D. Rosenblat**
*Partner*
*he/him/his*
T: 212.735.8757 | F: 917.522.3157
hrosenblat@morrisoncohen.com
vCard [morrisoncohen.com] | Bio [morrisoncohen.com] | LinkedIn [linkedin.com]
**Morrison Cohen LLP**
909 Third Avenue
27th Floor
New York, NY 10022
www.morrisoncohen.com [morrisoncohen.com]

---

**From:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>
**Sent:** Thursday, August 17, 2023 3:16 PM
**To:** Darrell Daley <darrell@daleylawyers.com>; Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>;

Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>;
Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Gregory L. Arbogast
<garbogast@gebsmith.com>; Mix, Michael <mmix@morrisoncohen.com>; Elizabeth D. Peters
<epeters@gebsmith.com>; Lawrence J. Gebhardt <lgebh@gebsmith.com>
**Cc:** Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>;
Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>; Holley, Steven L. <holleyS@sullcrom.com>;
Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Subject:** RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-
50437 (JTD)

> **CAUTION:** External sender. Verify before continuing.

All,

Here are our comments in response to your edits.  Some commentary below that may be useful in your review.  We should also likely adjourn the PTC scheduled for Aug 23.

1. We have made this into more of a staged discovery approach where we start with non-parties.  Then initial disclosures.  And then doc requests two weeks after initial disclosures.  That way each side has a chance to see the initial disclosures before serving requests.  This is longer than the runway we proposed, but shorter than the one you proposed.

2. We have included a simpler provision about the sharing of docs received from third parties.

3. We don't see any value in arbitrary caps on requests, and think on balance it creates more problems than it solves.

4. We have reinserted a substantial completion date, albeit later than we originally proposed.  We think that is a value add for both sides and helps for deposition planning purposes to know when the bulk of the docs will be in.

5. On experts, we propose that both sides disclose now the topics they presently anticipate.  We can figure out an appropriate mechanism for simultaneously showing our hands on that.  And then we've included a version of your approach, absent draconian consequences. We have also added a little extra time for reports without lengthening the schedule because it seemed like there was room to do so.

6. Translation issues.  We are open to discussing a single vendor if we think there are cost benefits to doing so.  Beyond that, we think the traditional rules are sufficient and we need not craft a pre-emptive challenge and preclusion regime.

Regards,

Steve

**Stephen Ehrenberg** (Bio)
Sullivan & Cromwell LLP
125 Broad Street | New York, NY 10004-2498
+1 212 558 3269 (T)
ehrenbergs@sullcrom.com | www.sullcrom.com

**From:** Darrell Daley <darrell@daleylawyers.com>
**Sent:** Wednesday, August 09, 2023 6:15 PM
**To:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>; Ehrenberg, Stephen <EhrenbergS@sullcrom.com>; Holley, Steven L. <holleyS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Cc:** Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Mix, Michael <mmix@morrisoncohen.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Elizabeth D. Peters <epeters@gebsmith.com>; Lawrence J. Gebhardt <lgebh@gebsmith.com>; Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>; Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>
**Subject:** RE: [EXTERNAL] RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD)

Steve

Attached are our suggested edits to the CMO.

Darrell M. Daley
**The Daley Law Firm**
4845 Pearl East Circle, Suite 101
Boulder, Colorado 80301
Main Office: 303-479-3500
Direct: 720-572-5660
Cell: 303-588-2723
darrell@daleylawyers.com
www.daleylawyers.com [daleylawyers.com]



Notice:  This communication (including any attachments) is covered by the Electronic Communication Privacy Act, U.S. C. Section 2510-2521, is confidential and contains privileged information.  If you are not the intended recipient or if you believe you may have received this communication in error, you should not print, copy, retransmit, disseminate, or otherwise use this communication or any of the information contained herein.  Also, you should notify the sender that you have received this communication in error and delete the copy you received.  Thank you.

**From:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>
**Sent:** Wednesday, August 9, 2023 9:21 AM
**To:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>; Holley, Steven L. <holleyS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Cc:** Darrell Daley <darrell@daleylawyers.com>; Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Mix, Michael <mmix@morrisoncohen.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Elizabeth D. Peters <epeters@gebsmith.com>; Lawrence J. Gebhardt <lgebh@gebsmith.com>; Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>; Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>
**Subject:** RE: [EXTERNAL] RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD)

Thanks.

Later today is our goal.  Our side is convening shortly to discuss.

**Heath D. Rosenblat**
*Partner*
*he/him/his*
T: 212.735.8757 | F: 917.522.3157
hrosenblat@morrisoncohen.com
vCard [morrisoncohen.com] | Bio [morrisoncohen.com] | LinkedIn [linkedin.com]
**Morrison Cohen LLP**
909 Third Avenue
27th Floor
New York, NY 10022
www.morrisoncohen.com [morrisoncohen.com]

---

**From:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>
**Sent:** Wednesday, August 9, 2023 11:18 AM
**To:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>; Holley, Steven L. <holleyS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Cc:** Darrell Daley <darrell@daleylawyers.com>; Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Mix, Michael <mmix@morrisoncohen.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Elizabeth D. Peters <epeters@gebsmith.com>; Lawrence J. Gebhardt <lgebh@gebsmith.com>; Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>; Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>
**Subject:** RE: [EXTERNAL] RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD)

**CAUTION:** External sender. Verify before continuing.

---

Thanks all, we will file it shortly.  Heath, can you please give us a sense on when we can expect comments on the CMO?  Thanks.

---

**From:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>
**Sent:** Wednesday, August 09, 2023 10:44 AM
**To:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>; Holley, Steven L. <holleyS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Cc:** Darrell Daley <darrell@daleylawyers.com>; Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Mix, Michael <mmix@morrisoncohen.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Elizabeth D. Peters <epeters@gebsmith.com>; Lawrence J. Gebhardt <lgebh@gebsmith.com>; Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>; Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>
**Subject:** RE: [EXTERNAL] RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD)

You may conform my (MC) and LDJ (PSZJ) signatures for filing.

**Heath D. Rosenblat**

*Partner*
*he/him/his*
T: 212.735.8757 | F: 917.522.3157
hrosenblat@morrisoncohen.com
vCard [morrisoncohen.com] | Bio [morrisoncohen.com] | LinkedIn [linkedin.com]

**Morrison Cohen LLP**
909 Third Avenue
27th Floor
New York, NY 10022
www.morrisoncohen.com [morrisoncohen.com]

---

**From:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>
**Sent:** Wednesday, August 9, 2023 10:23 AM
**To:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>; Holley, Steven L. <holleyS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Cc:** Darrell Daley <darrell@daleylawyers.com>; Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Mix, Michael <mmix@morrisoncohen.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Elizabeth D. Peters <epeters@gebsmith.com>; Lawrence J. Gebhardt <lgebh@gebsmith.com>; Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>; Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>
**Subject:** RE: [EXTERNAL] RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD)

**CAUTION:** External sender. Verify before continuing.

---

Heath, this works, thanks.  Please confirm we can sign for all attorneys on your side and we'll get this on file today.

---

**From:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>
**Sent:** Tuesday, August 08, 2023 5:51 PM
**To:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>; Holley, Steven L. <holleyS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Cc:** Darrell Daley <darrell@daleylawyers.com>; Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Mix, Michael <mmix@morrisoncohen.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Elizabeth D. Peters <epeters@gebsmith.com>; Lawrence J. Gebhardt <lgebh@gebsmith.com>; Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>; Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>
**Subject:** RE: [EXTERNAL] RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD)

Steve,

Attached for your consideration is a clean version of the gap extension stipulation and, also, an incremental redline off your last version yesterday and global redline off the version we sent over last week.

Be well,

Heath

**Heath D. Rosenblat**
*Partner*
*he/him/his*
T: 212.735.8757 | F: 917.522.3157
hrosenblat@morrisoncohen.com
vCard [morrisoncohen.com] | Bio [morrisoncohen.com] | LinkedIn [linkedin.com]

**Morrison Cohen LLP**
909 Third Avenue
27th Floor
New York, NY 10022
www.morrisoncohen.com [morrisoncohen.com]

---

**From:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>
**Sent:** Monday, August 7, 2023 6:00 PM
**To:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>; Holley, Steven L. <holleyS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Cc:** Darrell Daley <darrell@daleylawyers.com>; Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Mix, Michael <mmix@morrisoncohen.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Elizabeth D. Peters <epeters@gebsmith.com>; Lawrence J. Gebhardt <lgebh@gebsmith.com>; Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>; Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>
**Subject:** RE: [EXTERNAL] RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD)

---

**CAUTION:** External sender. Verify before continuing.

---

Our comments attached Heath. We have changed the date in light of Local Rule 7012-2 which permits stipulations only up to 28 days. We have also included a date by which we agree to submit a CMO (whether agreed or contested), which I think should be protective for both sides. I think we are both aligned that we should get a CMO in front of the court in an orderly process with plenty of time to decide any issues before your due date is approaching.

Best,

Steve

**Stephen Ehrenberg** (Bio)
Sullivan & Cromwell LLP
125 Broad Street | New York, NY 10004-2498
+1 212 558 3269 (T)
ehrenbergs@sullcrom.com | www.sullcrom.com

---

**From:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>
**Sent:** Monday, August 07, 2023 1:14 PM

**To:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>; Holley, Steven L. <holleyS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Cc:** Darrell Daley <darrell@daleylawyers.com>; Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Mix, Michael <mmix@morrisoncohen.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Elizabeth D. Peters <epeters@gebsmith.com>; Lawrence J. Gebhardt <lgebh@gebsmith.com>; Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>; Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>
**Subject:** RE: [EXTERNAL] RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD)

Thanks.

**Heath D. Rosenblat**
*Partner*
*he/him/his*
T: 212.735.8757 | F: 917.522.3157
hrosenblat@morrisoncohen.com
vCard [morrisoncohen.com] | Bio [morrisoncohen.com] | LinkedIn [linkedin.com]

**Morrison Cohen LLP**
909 Third Avenue
27th Floor
New York, NY 10022
www.morrisoncohen.com [morrisoncohen.com]

---

**From:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>
**Sent:** Monday, August 7, 2023 12:49 PM
**To:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>; Holley, Steven L. <holleyS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Cc:** Darrell Daley <darrell@daleylawyers.com>; Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Mix, Michael <mmix@morrisoncohen.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Elizabeth D. Peters <epeters@gebsmith.com>; Lawrence J. Gebhardt <lgebh@gebsmith.com>; Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>; Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>
**Subject:** RE: [EXTERNAL] RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD)

> **CAUTION:** External sender. Verify before continuing.

---

We'll revert on this today Heath.

---

**From:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>
**Date:** Thursday, Aug 03, 2023 at 8:13 PM
**To:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>, Holley, Steven L. <holleyS@sullcrom.com>, Glueckstein, Brian D. <gluecksteinb@sullcrom.com>, Dunne, Christopher J. <Dunnec@sullcrom.com>

**Cc:** Darrell Daley <darrell@daleylawyers.com>, Samantha Neal <samantha@daleylawyers.com>, Gottlieb, Jason <jgottlieb@morrisoncohen.com>, Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>, Mix, Michael <mmix@morrisoncohen.com>, Gregory L. Arbogast <garbogast@gebsmith.com>, Elizabeth D. Peters <epeters@gebsmith.com>, Lawrence J. Gebhardt <lgebh@gebsmith.com>, Goldman, Jessica H. <goldmanj@sullcrom.com>, Mazumdar, Aneesa <mazumdara@sullcrom.com>, Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>

**Subject:** [EXTERNAL] RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD)

All,

As discussed during today's call, please see the attached gap-extension-stipulation for your consideration.

Please let us know if you have any comments.

Be well,
Heath

**Heath D. Rosenblat**
*Partner*
*he/him/his*
T: 212.735.8757 | F: 917.522.3157
hrosenblat@morrisoncohen.com
vCard [morrisoncohen.com] | Bio [morrisoncohen.com] | LinkedIn [linkedin.com]
**Morrison Cohen LLP**
909 Third Avenue
27th Floor
New York, NY 10022
www.morrisoncohen.com [morrisoncohen.com]

---

**From:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>
**Sent:** Tuesday, August 1, 2023 5:38 PM
**To:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>; Holley, Steven L. <holleyS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Cc:** Darrell Daley <darrell@daleylawyers.com>; Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Mix, Michael <mmix@morrisoncohen.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Elizabeth D. Peters <epeters@gebsmith.com>; Lawrence J. Gebhardt <lgebh@gebsmith.com>; Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>; Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>

**Subject:** RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD)

**CAUTION:** External sender. Verify before continuing.

---

Sure, we can do 10-12:30 and 2-3.

**From:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>
**Sent:** Tuesday, August 01, 2023 5:33 PM
**To:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>; Holley, Steven L. <holleyS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Cc:** Darrell Daley <darrell@daleylawyers.com>; Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Mix, Michael <mmix@morrisoncohen.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Elizabeth D. Peters <epeters@gebsmith.com>; Lawrence J. Gebhardt <lgebh@gebsmith.com>
**Subject:** [EXTERNAL] RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD)

Steve,

Thank you for the draft case management schedule. Do you have time on Thursday to discuss conceptual issues?

Please let us know. Thanks in advance.

Be well,
Heath

**Heath D. Rosenblat**
*Partner*
*he/him/his*
T: 212.735.8757 | F: 917.522.3157
hrosenblat@morrisoncohen.com
vCard [morrisoncohen.com] | Bio [morrisoncohen.com] | LinkedIn [linkedin.com]

**Morrison Cohen LLP**
909 Third Avenue
27th Floor
New York, NY 10022
www.morrisoncohen.com [morrisoncohen.com]


**From:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>
**Sent:** Monday, July 31, 2023 6:40 PM
**To:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>; Holley, Steven L. <holleyS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Cc:** Darrell Daley <darrell@daleylawyers.com>; Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Mix, Michael <mmix@morrisoncohen.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Elizabeth D. Peters <epeters@gebsmith.com>; Lawrence J. Gebhardt <lgebh@gebsmith.com>
**Subject:** RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD)

> **CAUTION:** External sender. Verify before continuing.

Heath,

I've added counsel for Brandon Williams.  I'm attaching a draft case management plan as discussed, which addresses the response date.  We see no reason we can't get this wrapped up quickly.

Regards,

Steve

**Stephen Ehrenberg** (Bio)
Sullivan & Cromwell LLP
125 Broad Street | New York, NY 10004-2498
+1 212 558 3269 (T)
ehrenbergs@sullcrom.com | www.sullcrom.com

---

**From:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>
**Sent:** Monday, July 31, 2023 6:06 PM
**To:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>; Holley, Steven L. <holleyS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Cc:** Darrell Daley <darrell@daleylawyers.com>; Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Mix, Michael <mmix@morrisoncohen.com>
**Subject:** [EXTERNAL] RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD)

All,

Please advise on the below.  We would like to avoid having to move for an extension given our last discussion and the assurances that were given.

Be well,
Heath

**Heath D. Rosenblat**
*Partner*
*he/him/his*
T: 212.735.8757 | F: 917.522.3157
hrosenblat@morrisoncohen.com
vCard [morrisoncohen.com] | Bio [morrisoncohen.com] | LinkedIn [linkedin.com]
**Morrison Cohen LLP**
909 Third Avenue
27th Floor
New York, NY 10022
www.morrisoncohen.com [morrisoncohen.com]

---

**From:** Rosenblat, Heath D.
**Sent:** Friday, July 28, 2023 10:56 AM
**To:** 'Ehrenberg, Stephen' <EhrenbergS@sullcrom.com>; Holley, Steven L. <holleyS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Cc:** Darrell Daley <darrell@daleylawyers.com>; Samantha Neal <samantha@daleylawyers.com>;

Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan, Joseph T.
<jmoldovan@morrisoncohen.com>; Mix, Michael <mmix@morrisoncohen.com>
**Subject:** RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-
50437 (JTD)

All,

Thank you again for your time on Monday.  We wanted to follow-up on the discussed draft of the case
scheduling stipulation; please advise.

Additionally, please forward the initial extension stipulation discussed as we work through the case
scheduling documents. To that end, please confirm by reply e-mail our discussion that a
response/answer extension has been agreed to and is just subject to documentation.

Thank you in advance.

Be well,
Heath

**Heath D. Rosenblat**
*Partner*
*he/him/his*
T: 212.735.8757 | F: 917.522.3157
hrosenblat@morrisoncohen.com
vCard [morrisoncohen.com] | Bio [morrisoncohen.com] | LinkedIn [linkedin.com]
**Morrison Cohen LLP**
909 Third Avenue
27th Floor
New York, NY 10022
www.morrisoncohen.com [morrisoncohen.com]

---

**From:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>
**Sent:** Monday, July 24, 2023 9:42 AM
**To:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>; Holley, Steven L. <holleyS@sullcrom.com>;
Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Cc:** Darrell Daley <darrell@daleylawyers.com>; Samantha Neal <samantha@daleylawyers.com>;
Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan, Joseph T.
<jmoldovan@morrisoncohen.com>; Mix, Michael <mmix@morrisoncohen.com>
**Subject:** RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-
50437 (JTD)

**CAUTION:** External sender. Verify before continuing.

---

We can speak at 11:30.  If that works, let us know and we'll circulate an invite.

Steve

**Stephen Ehrenberg** (Bio)
Sullivan & Cromwell LLP

125 Broad Street | New York, NY 10004-2498
+1 212 558 3269 (T) | [Optional (M)]
ehrenbergs@sullcrom.com | www.sullcrom.com

**From:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>
**Sent:** Sunday, July 23, 2023 4:43 PM
**To:** Holley, Steven L. <holleyS@sullcrom.com>; Ehrenberg, Stephen <EhrenbergS@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Cc:** Darrell Daley <darrell@daleylawyers.com>; Samantha Neal <samantha@daleylawyers.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Mix, Michael <mmix@morrisoncohen.com>
**Subject:** [EXTERNAL] FTX Trading Ltd. and Maclaurin Investments Ltd. v. Lorem Ipsum UG, et al., Adv. P. No. 23-50437 (JTD)

Gentlemen,

We will be representing Lorem Ipsum UG, Patrick Gruhn, and Robin Matzke in the above-referenced adversary.  Would you please let Darrell and me know you availability tomorrow to discuss this matter; we are generally open.

Thank you in advance.

Be well,
Heath

**Heath D. Rosenblat**
*Partner*
*he/him/his*
T: 212.735.8757 | F: 917.522.3157
hrosenblat@morrisoncohen.com
vCard [morrisoncohen.com] | Bio [morrisoncohen.com] | LinkedIn [linkedin.com]
**Morrison Cohen LLP**
909 Third Avenue
27th Floor
New York, NY 10022
www.morrisoncohen.com [morrisoncohen.com]

This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you. We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com [mimecast.com]

**This is an external message from:** hrosenblat@morrisoncohen.com **

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you. We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com [mimecast.com]

This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you. We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com [mimecast.com]

This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you. We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com [mimecast.com]

This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately

delete this message and all of its attachments. Thank you. We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

---

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com [mimecast.com]

---

This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you. We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

---

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com [mimecast.com]

---

This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you. We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

---

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com [mimecast.com]

---

This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you. We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

---

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com [mimecast.com]

---

This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified

that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you. We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com [mimecast.com]

This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you. We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com [mimecast.com]

This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you. We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com [mimecast.com]

# Exhibit B

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

September 21, 2023

<u>Via E-mail</u>

Heath Rosenblat
Morrison Cohen LLP
909 3rd Avenue
New York, NY 10022

Darrell Daley
The Daley Law Firm
4845 Pearl East Circle, Suite 101
Boulder, CO 80301

Lawrence Gebhardt
Gebhardt & Smith LLP
One South Street, Suite 2200
Baltimore, Maryland 21202

> Re:    *FTX Trading Ltd. and MacLaurin Investments Ltd.*
> <u>v. *Lorem Ipsum UG et al.*, Adv. P. No. 23-50437 (JTD)</u>

Dear Counsel:

We write on behalf of the Debtors to advise Defendants of Plaintiffs' ongoing steps to prepare for anticipated discovery in this action, and to express Plaintiffs' expectation that Defendants are also preparing to meet their obligations expeditiously.  As Defendants are aware, Judge Dorsey's template scheduling order applicable to adversary actions calls for the completion of fact discovery, in its entirety, not more than 120 days after the first responsive pleading is filed.  In negotiating the Case Management Plan and Scheduling Order in this action, Plaintiffs preferred to begin and complete discovery sooner, and Defendants preferred later.  The parties reached a compromise agreement to substantially complete document discovery in response to initial requests by January 31, 2024, and complete all such discovery by May 17, 2024—110 days and 217 days from the service of initial document requests, respectively.

To meet these deadlines, Plaintiffs have been engaged in extensive efforts to prepare, such that upon receiving Defendants' document requests in October, Plaintiffs

Heath Rosenblat                                                                           -2-
Darrell Daley
Lawrence Gebhardt

will be ready to promptly produce a substantial collection of documents that Plaintiffs believe relate to the matters at issue in this litigation.  Such efforts include identifying custodians, as well as the sources, types, and volume of data for such custodians, preparing search terms likely to be useful in identifying pertinent materials, processing documents to facilitate efficient review, searching and reviewing such materials to identify documents for production, and segregating potentially privileged documents for further review and inclusion in privilege logs.  While we are confident that Defendants are aware of the subject matters that are likely to be responsive to Plaintiffs' document requests, which we discussed during our meet and confer on July 24, we reiterate them here.

        We anticipate that Plaintiffs' document requests and other requests for written discovery will broadly seek all documents concerning, but not limited to, the acquisition of Digital Assets DA AG ("DAAG"), n/k/a FTX Europe AG by Alameda Ventures Ltd., n/k/a Maclaurin Investments Ltd. and FTX Trading Ltd.; the acquisition of K-DNA Financial Services Ltd. by DAAG; the services purportedly provided to FTX Europe AG and its affiliates by Kephas Corporation; ownership of all entities pertinent to the litigation and the interests of any of the Defendants in such entities, including Kephas Corporation, Crypto Lawyers GmbH, CM-Equity AG, and K-DNA Financial Services Ltd.; any valuations or projections of the future profitability of DAAG, including the basis for these valuations and communications about them; and the business and  operations of DAAG, including efforts to secure necessary regulatory licenses.  Plaintiffs' requests will cover all forms of electronic correspondence, including text messages, instant messaging systems and applications (including Telegram and encrypted messaging applications such as Signal), online chats, and all other forms of communications, regardless of what device they are stored on, or in what jurisdiction the data may be found.

        It is Plaintiffs' expectation that Defendants are undertaking similar steps to prepare to promptly produce in response to October document requests a substantial collection of documents that are known today by Defendants to be related to the matters at issue and to which Defendants have no objections to production, without waiting for a lengthy meet and confer process regarding other documents for which Defendants *do* have objections, search terms, collection of data from non-U.S. sources, and other matters that often delay discovery. *See* Fed. R. Civ. P. 34(B); *see also Harcum* v. *Leblanc*, 268 F.R.D. 207, 209 (E.D. Pa. 2010) ("Rule 34 requires that a party served with a document request either produce the requested documents or state a specific objection for each item or category objected to.").

        Please confirm that Defendants will be prepared to produce responsive and unobjectionable materials promptly upon receipt of Plaintiffs' document requests in October, and that subsequent meet and confer meetings will focus on how to approach the balance of documents remaining to be produced that were not already known to Defendants to be related to the matters at issue in this litigation.  If Defendants are not taking such steps, please advise Plaintiffs as to the basis for not doing so.

        Finally, to facilitate our production to you of discovery materials, we have attached the Order Approving the Confidentiality Agreement and Stipulated Protective

Heath Rosenblat                                                                    -3-
Darrell Daley
Lawrence Gebhardt

Order entered in the bankruptcy case, *In re: FTX Trading Ltd. et al.*, 21-11068-JTD.
Please return an executed copy of the declaration attached as Schedule A to the Order.

        Plaintiffs are available to meet and confer in advance of the date for
serving document requests on any of the above matters, or any other matter that
Defendants believe may require significant discussion or otherwise cause delay.

                                   Sincerely,

                                   */s/ Stephen Ehrenberg*

                                   Stephen Ehrenberg

(Enclosures)

Cc:    Jason Gottlieb (via email)
       Joseph Moldovan (via email)
       Michael Mix (via email)
       Gregory Arbogast (via email)
       Jennifer Malow (via email)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 825** |

## ORDER APPROVING CONFIDENTIALITY AGREEMENT
## AND STIPULATED PROTECTIVE ORDER

Upon the Certification of Counsel Confidentiality Agreement and Stipulated Protective Order (the "Stipulation and Protective Order"), a copy of which is attached hereto as **Exhibit A**, entered into by and among (a) FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively the "Debtors"); (b) the Official Committee of Unsecured Creditors appointed in the Debtors' cases (the "Committee"); (c) certain of the Debtors' creditors and other constituents as specified in the signature pages of this Order; and (d) any other persons or entities who become bound by this Order by signifying their assent through execution the Declaration[2]; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that sufficient notice of the Stipulation and Protective Order has been given; and after due deliberation; and good and sufficient cause appearing therefor;

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Terms utilized but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Protective Order.

IT IS HEREBY ORDERED THAT:

1.      The Stipulation and Protective Order is hereby APPROVED.

2.      The Debtors and the Parties are authorized to enter into the Stipulation and Protective Order, substantially in the form attached hereto as **Exhibit A**.

3.      The failure to specifically include or reference any particular term or provision of the Stipulation and Protective Order in this Order shall not diminish or impair the effectiveness of such term or provision.

4.      The rights of all Parties and non-Parties to the Stipulation and Protective Order to move to amend this Order or the Stipulation and Protective Order are fully reserved.

5.      The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

6.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order and the Stipulation and Protective Order.

Dated: March 8th, 2023
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

FTX TRADING LTD., *et al.*,[1]

    Debtors.

Chapter 11

Case No. 22-11068 (JTD)

(Jointly Administered)

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

        This Confidentiality Agreement and Stipulated Protective Order (the "Order") is entered into by and among (a) FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively the "Debtors"); (b) the Official Committee of Unsecured Creditors appointed in the Debtors' cases (the "Committee"); (c) certain of the Debtors' creditors and other constituents as specified in the signature pages of this Order; and (d) any other persons or entities who become bound by this Order by signifying their assent through execution of Schedule A hereto (a "Declaration").   Each of the persons or entities identified in the foregoing clauses (a) through (d) shall be referred to herein individually as a "Party" and, collectively, as the "Parties."

## Recitals

        WHEREAS, on November 11 and November 14, 2022, the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code, and joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128];

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.   Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.   A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

WHEREAS, on December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code [D.I. 231];

WHEREAS, there are, or may be, judicial or other proceedings, including but not limited to examinations, information and document requests and subpoenas pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004 Discovery"), contested motions, adversary proceedings and other disputes relating to the Debtors, including litigation against third parties (each a "Dispute" and, collectively, the "Disputes"), arising out of or relating to the Debtors' filing of voluntary petitions under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101–1532 (the "Bankruptcy Code") in this Court;

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to one or more Disputes, including through informal requests, Rule 2004 Discovery, motions, document requests, interrogatories, depositions, and other discovery requests (collectively, "Discovery Requests") as provided by the Federal Rules of Civil Procedure (the "Federal Rules"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules");

WHEREAS, the Parties anticipate that there are certain persons or entities other than the Parties hereto[2] that may also propound or be served with Discovery Requests, including

---

[2]    Reference herein to "non-Parties" or a "non-Party," or a "non-Party" becoming a "Party," is for purposes of reference in this Order only.   All such references herein are not intended to reflect any agreement as to whether any "Party" is or will become a "Party," or as to whether any "non-Party" is not or will not be a "Party," in any case or other proceeding, and are not otherwise intended to reflect any agreement as to the "Party" or "non-Party" status of any litigant.

Rule 2004 Discovery, in connection with one or more Disputes, during the course of the Chapter 11 Cases; and

WHEREAS, the Parties have agreed that Discovery Materials (as defined below) shall be subject to a protective order, pursuant to Bankruptcy Rule 7026 and Federal Rule 26, to protect privilege and the confidentiality of sensitive information.

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material (as defined below), to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material (as defined below) that a Party seeks to maintain as confidential or highly confidential, the Parties stipulate and agree as follows:

### Scope of Order

1.      This Order applies to all information, documents, and things exchanged in or subject to discovery in the Chapter 11 Cases, including adversary proceedings, that is produced by a Party or a non-Party (each a "Producing Person"), to any Party (each a "Receiving Party"), formally or informally, either prior to or after the filing of a judicial proceeding, in response to or in connection with any Discovery Requests, including without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information, expert reports, and things produced (including documents, information, and things produced to a Receiving Party for inspection, whether in the form of originals or copies), as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material").

2.      Any Party or its counsel serving a subpoena or discovery notice upon a non-Party, which subpoena or discovery notice requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena or discovery notice and instruct the non-Party

recipient of such subpoena or discovery notice that he, she, or it may designate documents or testimony in a Dispute produced pursuant to such subpoena or discovery notice according to the provisions herein. Any non-Party that executes and delivers a copy of Schedule A shall be treated as a Party to this Order with all rights and obligations of the signatory Parties hereto.

### Designating Discovery Material

3.      Any Producing Person may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such Discovery Material, "Designated Material") in accordance with the following provisions:

> a.      Confidential Material: A Producing Person may designate Discovery Material as "Confidential" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes information that: (i) constitutes or contains technical, business, financial, personal, or other information of a nature that can be protected under Rule 26(c) of the Federal Rules and Bankruptcy Rules 7026 or 9018; (ii) is subject by law, contract, or court order to a legally protected right of privacy; or (iii) the Producing Person is under a preexisting obligation to a third-party to treat as confidential.

> b.      Highly Confidential Material: A Producing Person may designate Discovery Material as "Highly Confidential" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes information that is of such a nature that its disclosure of which would result in competitive harm, which may include, without limitation, (i) trade secrets or sensitive financial or business information; or (ii) documents or information relating to or reflective of customer information. Any documents or information that may have been previously designated by a Party as being for "Professional's Eyes Only" or "Attorney's Eyes Only" will be deemed to be Highly Confidential Material under this Order.

4.      Manner of Designation: A Producing Person shall designate Discovery Material as Confidential Materials or Highly Confidential Materials by marking each page of such Discovery Material, to the extent reasonably practicable, as "Confidential" or "Highly Confidential" as appropriate. Where marking every page of such Discovery Material is not reasonably practicable,

such as with certain native file documents, a Producing Person may designate material as "Confidential" or "Highly Confidential" by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production of such material that such material is designated "Highly Confidential" or "Confidential."   As further set forth in paragraph 15 of this Order, the failure to designate Discovery Material as "Confidential" or "Highly Confidential" does not constitute a waiver of such claim, and a Producing Person may so designate Discovery Material after such Discovery Material has been produced in accordance with the terms of this Order, with the effect that such Discovery Material is subject thereafter to the protections of this Order.

### Use and Disclosure of Confidential or Highly Confidential Material

5.      <u>General Limitations on Use and Disclosure</u>: All Discovery Material shall be used by the Receiving Parties solely for the purposes of a Dispute, the Chapter 11 Cases, or any ancillary proceeding before this Court (including any adversary proceeding or contested matter in these Chapter 11 Cases, or any Party's consideration of any Dispute leading up to the commencement of any case or proceeding), and in any judicial proceedings relating to any Dispute, the Chapter 11 Cases, or any ancillary proceeding before this Court, and not for any other purpose, including any other litigation, business, competitive, governmental, commercial, personal or administrative purpose.

6.      <u>Disclosing Highly Confidential Material</u>: Highly Confidential Material, and any and all information contained therein, may be given, shown, made available to or communicated only to the following:

> a.      outside counsel, and staff working under the express direction of such counsel for, and outside advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by:

> > (i)      the Debtors; and

> > (ii)      the Committee;

b.      outside counsel, and staff working under the express direction of such counsel for Parties who are or become signatories to this Order and are a Receiving Party of the Highly Confidential Material;

c.      outside advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by a Receiving Party and who have signed a Declaration in the form provided as Schedule A hereto and delivered same to counsel to the Receiving Party;

d.      John J. Ray, III, as Chief Executive Officer and Chief Restructuring Officer of the Debtors;

e.      the U.S. Trustee;

f.      any person who is indicated on the face of a document to have been an author, addressee, or copy recipient, or otherwise a recipient thereof;

g.      for purposes of witness preparation, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such Highly Confidential Material is determined by counsel in good faith to be relevant to the anticipated subject matter of testimony and necessary for the preparation of such testimony, and where counsel determines in good faith that disclosure would not cause competitive harm, provided, however, that such Highly Confidential Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Highly Confidential Material or use it for any other purpose;

h.      any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm;

i.      outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or the Chapter 11 Cases;

j.      court reporters, stenographers, or videographers who record deposition or other testimony in connection with a Dispute or the Chapter 11 Cases;

k.      the Court, its officers, and clerical staff in any judicial proceeding that may result from a Dispute or the Chapter 11 Cases;

l.      any government agency (other than the U.S. Trustee), internal or external auditor or regulatory body or authority having authority to regulate or oversee any aspects of the Receiving Party's business or that of its affiliates, if required by any applicable statute, law, rule or regulation, subpoena, civil

investigative demand or similar demand, or request; provided that (i) the Receiving Party will provide the Producing Person with prior written notice of any such request or requirement (unless such notice is prohibited by applicable law) so that the Producing Person may seek a protective order or other appropriate remedy, and (ii) the Receiving Party advises such recipient of the highly confidential nature of the information being disclosed and requests highly confidential treatment thereof;

       m.     any other person designated by order of the Court; and

       n.     any other person or entity with respect to whom the Producing Person consents in writing.

7.     <u>Confidential Material</u>: In addition to the persons identified in the above section 6, Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

       a.     any other current employee, officer, director, or other manager or member of the Debtors and/or any affiliate of the Debtors;

       b.     the members of the Committee; and

       c.     any current employee, officer, director, or other manager or member of a Receiving Party who is assisting with or making decisions with respect to any Dispute and who has signed a Declaration in the form provided as Schedule A hereto.

8.     <u>Sealing of Designated Material Filed with or Submitted to Court</u>:   Unless the Producing Person gives written consent to the public filing of Designated Material or information contained in the Designated Material, the Receiving Party must follow the following procedures:

       a.     Designated Material contained in pleadings, documents, or other papers (or attachments thereto) that a Party seeks to file with the Court ("<u>Filing Party</u>") shall be redacted and filed with the Court under a temporary seal, and the Filing Party shall follow all requirements set forth in Local Rule 9018-1 (d) regarding the filing, including but not limited to filing a motion seeking authority to file the Designated Material under seal.

       b.     Each Filing Party shall use reasonable best efforts when filing with the Court pleadings, documents, or other papers (or attachments thereto) under temporary seal to redact only Designated Material from pleadings, documents, or other papers (or attachments thereto).

       c.     Any Party filing with the Court pleadings, documents, or other papers (or attachments thereto) containing Designated Material under temporary

seal shall serve the Debtors, the Committee, the U.S. Trustee, and any other Party who requests, with un-redacted copies.

       d.     Until the Court decides the motion to seal, the pleading, document, or other paper (or attachment thereto) shall remain under seal.

9.    <u>Use of Discovery Material In Open Court</u>: The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph.  As part of any pretrial conference or any meet-and-confer regarding the use of exhibits in any evidentiary hearing, and at least forty-eight (48) hours prior to the use of any Designated Material at trial or any hearing to be held in open court or as soon as reasonably practicable, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Person, the Debtors, the Committee, and the U.S. Trustee, together with any other Parties who have expressed interest in participating in such meet-and-confer, to discuss whether the Producing Party will consent to the use of such Designated Material at trial or any hearing to be held in open court, or to otherwise discuss ways to handle the use of any Designated Material at the hearing, so that the material may be offered or otherwise used by any Party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules.   If the Parties are unable to resolve a dispute related to such Designated Material, then the Producing Person, or other person or entity asserting confidentiality, bears the burden of requesting relief from the Court and, in the absence of such relief, there shall be no limitations on the ability of the Parties to offer or otherwise use such Designated Material at trial or any hearing held in open court.

## **<u>Depositions</u>**

10.    <u>Deposition Testimony</u>: If counsel for a Party or non-Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party or non-Party, such testimony may be designated as appropriate by:

a.      Stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or

b.      Providing written notice within seven (7) days of the Party's or non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or videotape of a deposition is so designated, except in the event that a hearing or briefing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to two (2) days.  Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 12 below.  Until expiration of the aforesaid seven (7) day or two (2) day period, as applicable, following receipt of the transcript by the Parties or non-Parties, all deposition transcripts and videotapes shall be considered and treated as Highly Confidential Material unless otherwise agreed on the record at the deposition.

Nothing in this paragraph shall affect the confidentiality designations of Discovery Material entered as exhibits at depositions.

11.      <u>Presence of Certain Persons During Designated Deposition Testimony</u>: When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated if requested by the person designating such Designated Material.

12.      <u>Responsibilities and Obligations of Court Reporters</u>:   In the event that a Party or non-Party seeks to designate deposition testimony as Confidential or Highly Confidential, the Party or non-Party seeking such designation shall instruct the court reporter to include on the cover page of each such transcript the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith."   Each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate.   If the deposition is videotaped, videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.   It is the responsibility of the Party or non-Party seeking to

designate portions of a deposition transcript as Confidential Material or Highly Confidential Material to ensure compliance.

**General Provisions**

13.     This Order is a procedural device intended to protect Discovery Materials designated as Designated Materials.   Nothing in this Order shall affect any Party's or non-Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

14.     Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any objection concerning the confidentiality or proprietary nature of any documents, information, or data requested by a Party or non-Party, any right to object to any Discovery Request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

15.     <u>Late Designation of Discovery Material</u>: The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Producing Person's right to later so designate such Discovery Material. Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation.   Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; <u>provided</u>, <u>however</u>, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation.

16. <u>Unauthorized Disclosure of Designated Material</u>: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; immediately make reasonable efforts to recover the disclosed Designated Material, as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Person of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof.  Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

17. <u>Manner of Objecting to Designated Material</u>: If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall raise the objection with the Producing Person in writing, and meet and confer in good faith within five (5) business days to attempt to resolve any dispute respecting the terms or operation of this Order.   If unresolved, the Producing Person may seek a ruling from the Court within seven (7) days, on notice to the Receiving Party.   If the Producing Person does not seek relief from the Court within seven (7) days of the meet and confer, then the objectionable designation shall be removed.   If the Producing Person does seek relief from the Court, the Designated Material shall continue to be treated as designated until the Court rules on such issue.   Upon motion, the Court may order the

removal of the "Confidential" or "Highly Confidential" designation from any Discovery Material so designated subject to the provisions of this Order.

18.    <u>Timing of Objections to Designated Material</u>: A Receiving Party, or non-Party, shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Party or non-Party to challenge the designation by a Producing Person of Discovery Materials as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of the right of that Party or non-Party to object to the designation at an evidentiary hearing or trial.

19.    <u>Production of Protected Discovery Material</u>: The production of any privileged or otherwise protected or exempted information ("<u>Disclosed Protected Information</u>") shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, as to the produced information, or any other information.  The production of privileged or work-product protected documents, electronically stored information ("<u>ESI</u>"), or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Within ten (10) days after a Producing Person discovers (or within a reasonable period of time after receipt of notice from another Party) that it has produced any Disclosed Protected Information, the Producing Person may request the return of such Disclosed Protected Information by identifying in writing the Discovery Materials produced and the basis for withholding such Discovery Materials from production.  If a Producing Person requests the return of Disclosed Protected Information pursuant to this paragraph and the Receiving Party does not dispute the privilege claim, the

Receiving Party shall immediately return or destroy the Discovery Materials (and copies thereof) and shall sequester or destroy any work product that incorporates the Disclosed Protected Information.

20.    If the Receiving Party disputes the privilege claim, it must sequester the material until the issue can be resolved and may not review it for any reason.   The Receiving Party shall notify the Producing Person of the dispute and the basis therefore in writing, and thereafter meet and confer regarding the challenge to privilege.   If the Parties cannot resolve their dispute, either Party may seek a determination from the Court whether the privilege applies.   The Receiving Party may not assert as a ground for waiver the fact of inadvertent production, nor may the Receiving Party challenging the privilege assertion assert the diligence or lack thereof of counsel in producing the document, nor the scope of such inadvertent production as a ground for waiver of the privilege.   Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

21.    <u>Use of Non-Confidential Material</u>: Confidential Material and Highly Confidential Material does not include information that (i) is or becomes generally available to the public other than as a result of a disclosure by a Receiving Party in violation of this Order or another improper disclosure by any person; (ii) was available to the Receiving Party on a non-confidential basis prior to its disclosure by the Producing Person; (iii) becomes available to the Receiving Party on a non-confidential basis from a person or entity or other than the Producing Person who is not otherwise bound by a confidentiality agreement or court order prohibiting disclosure of such information; or (iv) has been independently developed by the Receiving Party.

22.     _Obligations Following Conclusion of the Disputes_: Within ninety (90) days of the later of the conclusion of the relevant Dispute(s) or the Debtors' emergence from bankruptcy in these Chapter 11 Cases, including any appeals, all Parties and non-Parties shall take all commercially reasonable steps to destroy or return to counsel for the respective Producing Person all Designated Material, and all copies or notes thereof in the possession of any person, except that counsel may retain for its records work product and a copy of court filings, deposition transcripts, deposition videotapes, deposition exhibits, expert reports, and exhibits introduced at any hearing; and a Receiving Party may retain Designated Material that is archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; _provided_ that such retained documents will continue to be treated as provided in this Order.   If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall verify such destruction in writing to counsel for the Producing Person by the end of the ninety-day period.   Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Order shall remain binding.

23.     _U.S. Trustee_: The Parties agree that the U.S. Trustee shall be provided with access to all Discovery Material upon request and may conduct and participate in all discovery contemplated and governed by this Order.

24.     _Continuing Applicability_: The provisions of this Order shall survive the final termination of the Disputes and the Debtors' emergence from bankruptcy in these Chapter 11 Cases for any retained Designated Material.   The final termination of the Disputes and the Debtors' emergence from bankruptcy shall not relieve counsel or other persons obligated

hereunder from their responsibility to maintain the confidentiality of Designated Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

25.    <u>Amendment</u>: Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

26.    <u>Compelled Disclosure</u>: Any Receiving Party that may be subject to a motion, subpoena, or other form of legal process or any regulatory process or demand seeking the disclosure of a Producing Person's Designated Material (i) shall promptly notify (and in no event less than five (5) business days' before disclosure of a Producing Person's Designated Material) the Producing Person (unless such notice is prohibited by applicable law) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.   If no action is taken by the Producing Person or any other Party to obtain a court order preventing such legally required disclosure within five (5) business days of receiving notice from the Receiving Party, or if such action is taken, but the Court does not issue an order preventing such legally required disclosure, then the Receiving Party may disclose the Producing Person's Designated Material as set forth in this paragraph.

27.    <u>Use of Designated Material By Producing Person</u>: Nothing in this Order affects the right of any Producing Person to use or disclose its own Designated Material in any way.   If a Producing Person uses its own Designated Material in a hearing, unredacted court filing, or any

other public forum, such disclosure waives all Confidential and Highly Confidential designations for that Designated Material in all respects.

28.     <u>Objections to Discovery Requests</u>: Nothing herein shall be deemed to prevent a Party or non-Party from objecting to any Discovery Requests or from seeking additional or further limitations on the use or disclosure of any Discovery Material.

29.     <u>Obligations of Parties</u>: Nothing herein shall relieve a party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Dispute or the Chapter 11 Cases.

30.     <u>Enforcement</u>: The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.


*[Remainder of page intentionally left blank]*

**STIPULATED AND AGREED TO BY**.

Dated: March 8, 2023
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware   19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email:      landis@lrclaw.com
                brown@lrclaw.com
                pierce@lrclaw.com

   -and-

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York   10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail:      dietdericha@sullcrom.com
                bromleyj@sullcrom.com
                gluecksteinb@sullcrom.com
                kranzleya@sullcrom.com

*Counsel to the Debtors and Debtors-in-Possession*

-and-

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

Sascha N. Rand (admitted *pro hac vice*)
Katherine A. Lemire (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
E-mail:   sascharand@quinnemanuel.com
          katherinelemire@quinnemanuel.com

K. John Shaffer (admitted *pro hac vice*)
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
E-mail:   johnshaffer@quinnemanuel.com

William A. Burck (admitted *pro hac vice*)
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
E-mail:   williamburck@quinnemanuel.com

*Special Counsel to the Debtors*

Dated: March 8, 2023
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Robert F. Poppiti*
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email:   mlunn@ycst.com
        rpoppiti@ycst.com

-and-

**PAUL HASTINGS LLP**
Kristopher M. Hansen*
 Luc A. Despins*
 Kenneth Pasquale*
 Erez E. Gilad*
 Gabriel E. Sasson*
 Isaac S. Sasson*
 200 Park Avenue
 New York, NY 10166
 Telephone:   (212) 318-6000
 Facsimile:   (212) 319-4090
 Email: krishansen@paulhastings.com
            lucdespins@paulhastings.com
            kenpasquale@paulhastings.com
            erezgilad@paulhastings.com
            gabesasson@paulhastings.com
            isaacsasson@paulhastings.com

  *Admitted pro hac vice*

*Counsel to the Official Committee of
Unsecured Creditors*

**Schedule A**

Declaration of Acknowledgment and Agreement

## DECLARATION OF ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

I,_____, declare under penalty of perjury (this

"Declaration") that:

1.      My business or personal address is: _____.

2.      My present employer is: _____.

3.      My present occupation or job description is: _____

_____.

4.      I hereby certify and agree that I have read and understand the terms of the

Confidentiality Agreement and Stipulated Protective Order (the "Order") relating to the Disputes

between Debtors and certain of the Debtors' creditors and other constituents, as specified in the

signature pages of the Order.   All capitalized terms not otherwise defined in this Declaration have

the meanings ascribed to such terms in the Order.   I further certify that I will not use Designated

Material for any purpose other than as expressly permitted by the Order, and will not disclose or

cause Designated Material to be disclosed to anyone not expressly permitted by the Order to

receive Designated Material.   I agree to be bound by the terms and conditions of the Order.

5.      I understand that I am to retain in confidence from all individuals not expressly

permitted to receive Designated Material, whether at home or at work, all copies of any Designated

Materials, and that I certify and agree that I will carefully maintain such materials in a manner

consistent with the Order. I acknowledge that the return or destruction of Designated Material shall

not relieve me from any other continuing obligations imposed upon me by the Order.

6.      I acknowledge and agree that I am aware that by receiving Designated Material I

may be receiving material non-public information about companies that issue securities and there

exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7.     I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____


_____
Signature

# Exhibit C

| | |
|---|---|
| **From:** | Rosenblat, Heath D. <hrosenblat@morrisoncohen.com> |
| **Sent:** | Tuesday, November 7, 2023 2:10 PM |
| **To:** | Lawrence J. Gebhardt; Ehrenberg, Stephen; Mix, Michael; Gregory L. Arbogast; Drayden Peters; Darrell Daley; Moldovan, Joseph T.; Gottlieb, Jason; Samantha Neal; Laura Davis Jones; Peter J. Keane |
| **Cc:** | landis@lrclaw.com; mcguire@lrclaw.com; brown@lrclaw.com; pierce@lrclaw.com; Rosenfeld, Jared H.; Goldman, Jessica H.; Mazumdar, Aneesa; De Vries, Saskia E.L.; Mazzarelli, Samantha M.; Dunne, Christopher J.; Brandon Williams (b.williams@cosimacapital.co); Brandon Williams (b.williams@cosimacapital.co); Glueckstein, Brian D. |
| **Subject:** | [EXTERNAL] RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Loren Ipsum UG, et al.; Adv. Pro. No. 23-50437 (JTD) |
| **Attachments:** | Confidentiality Agreement and Stipulated Protective Order (FTX Europe) (4879-3632-7048.1)-12542766-v3.docx; Litera Compare Redline - Confidentiality Agreement and Stipulated Protective Order (FTX Europe) (4879-3632-7048.1)-12542766-v1 and Confidentiality Agreement and.pdf |

All,

Please find attached a revised-clean version of the Protective Order and a redline reflecting our proposed revisions to the version S&C sent over Thursday.  The attached remains subject to client review and approval, but we wanted to get you our thoughts and keep things moving forward.

As for the exchange below, for completeness of the record, we believe there to be a number of inaccurate statements.  Regardless, the LI Defendants continue work on their discovery obligations and will work consistent with and to comply with the CMO.

Be well,
Heath



**Heath D. Rosenblat**
Partner
*he/him/his*

**D** 212.735.8757  |  **M** 917.972.4255
hrosenblat@morrisoncohen.com

vCard [morrisoncohen.com]  |  Bio [morrisoncohen.com]  |  LinkedIn [linkedin.com]

Morrison Cohen LLP
909 Third Avenue, New York, NY 10022-4784
212.735.8600  |  morrisoncohen.com

---

**From:** Lawrence J. Gebhardt <lgebh@gebsmith.com>
**Sent:** Tuesday, November 7, 2023 6:50 AM
**To:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>; Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>; Mix, Michael <mmix@morrisoncohen.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Drayden Peters <epeters@gebsmith.com>; Darrell Daley <darrell@daleylawyers.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Samantha Neal

<samantha@daleylawyers.com>; Laura Davis Jones <ljones@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>
**Cc:** landis@lrclaw.com; mcguire@lrclaw.com; brown@lrclaw.com; pierce@lrclaw.com; Rosenfeld, Jared H.
<rosenfeldj@sullcrom.com>; Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa
<mazumdara@sullcrom.com>; De Vries, Saskia E.L. <devriess@sullcrom.com>; Mazzarelli, Samantha M.
<mazzarellis@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>; Brandon Williams
(b.williams@cosimacapital.co) <b.williams@cosimacapital.co>; Brandon Williams (b.williams@cosimacapital.co)
<b.williams@cosimacapital.co>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Subject:** RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Loren Ipsum UG, et al.; Adv. Pro. No. 23-50437 (JTD)

---

**CAUTION:** External sender. Verify before continuing.

---

Steve:

Let me acknowledge your talent for verbosity. I will try to respond more concisely to the points raised you raise.

I intended to wait the standard 24 hours for your return call but your email to Heath Rosenblat clearly indicated that nothing would be accomplished in a call and, as your email indicates, your position was unchangeable as to any stay of discovery. You also indicated to Darrell Daley that you would not agree to any stay of discovery in your call with him in which you requested additional time to respond the LI Defendants subject matter jurisdiction motions (not Brandon Williams's motion to dismiss or for summary judgment, as you incorrectly state). The extensive authority for the stay of discovery will be set forth in the brief in support of our motion for a protective order.

Brandon Williams never advocated for any extension of the dates when we all discussed the CMO. Brandon Williams was prepared to file a motion to dismiss in September and had a motion and brief prepared and ready for filing. We then received copies of the BDO appraisal and Prager Metis audit and decided to convert what we had prepared to a motion to dismiss or for summary judgment, which we timely filed.

Peter Gruhn *et al*, after extensive research, raised the issue of lack of subject matter jurisdiction for the bankruptcy filing in their motions. Brandon Williams promptly joined in these motions upon their since the lack of subject matter jurisdiction can be raised at any time. The lack of subject matter jurisdiction is the basis for a motion for protective order. There does not seem to be any possible factual dispute that S&C botched the bankruptcy filing last November. Had this issue not been raised by the other Defendants, we would have timely responded to your discovery, produced documents, and served our own extensive discovery. But if the Court lacks subject matter jurisdiction because the bankruptcy was improperly filed without authorization, then all this would be a waste of time and money.

Finally, I see no need for a confidentiality order and will not agree to one. I do not regard entry of a confidentiality order as a standard, routine procedure in litigation and see no reason why a bankruptcy debtor needs one. So proceed with filing whatever you believe appropriate and, as always, we will respond within the time frame set by the court rules.

Larry Gebhardt

---

**From:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>
**Sent:** Monday, November 6, 2023 10:31 PM
**To:** Lawrence J. Gebhardt <lgebh@gebsmith.com>; Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>; Mix, Michael <mmix@morrisoncohen.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Drayden Peters <epeters@gebsmith.com>; Darrell Daley <darrell@daleylawyers.com>; Moldovan, Joseph T.

<jmoldovan@morrisoncohen.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Samantha Neal <samantha@daleylawyers.com>; Laura Davis Jones <ljones@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>
**Cc:** landis@lrclaw.com; mcguire@lrclaw.com; brown@lrclaw.com; pierce@lrclaw.com; Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>; Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>; De Vries, Saskia E.L. <devriess@sullcrom.com>; Mazzarelli, Samantha M. <mazzarellis@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>; Brandon Williams (b.williams@cosimacapital.co) <b.williams@cosimacapital.co>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Subject:** RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Loren Ipsum UG, et al.; Adv. Pro. No. 23-50437 (JTD)

---

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Larry,

Thanks for your response.  First, let me apologize for not immediately returning your phone call from 1:40 pm this afternoon, I was otherwise engaged and had every intention of returning your call within 24 hours.

As to your comment that I was seeking an extension of time, I am confused by that.  Plaintiffs have sought no extension of time to respond to your motion dismiss this adversary proceeding.  Plaintiffs are proceeding on the basis of the CMO in this action.

In any event, you are correct that Plaintiffs will not agree to a stay of discovery.  Neither the Federal Rules of Civil Procedure, nor the Federal Rules of Bankruptcy Procedure provide that discovery should begin after the disposition of motions to dismiss.  Indeed, Plaintiffs' position on a stay of discovery has not changed since Defendants first asked for a stay of discovery during our August 3 call.  That call followed Plaintiffs sending a draft CMO to Defendants that reflected Plaintiffs' agreement to Defendants' request for over 100 days from service of the complaint to move or answer.  In response to Defendants' request for a stay, Plaintiffs unequivocally declined to agree to a stay, and stated in no uncertain terms that they intended to move discovery forward in this case.  Defendants indicated no intention to move for a stay on a contested basis.  The parties then set about negotiating, ostensibly in good faith, a case management order that comprehensively dealt with discovery deadlines, including dates by which requests could be served on third parties, dates by which requests could be served on parties, a substantial completion of productions deadline, dates for completion of depositions, expert testimony, and motions for summary judgment.  The parties carefully calibrated each period to provide sufficient time to complete the necessary tasks, taking into consideration the need to compromise Plaintiffs' desire for a shorter schedule against Defendants' desire for a longer schedule.  The parties met again on August 11, and Defendants said nothing about a stay.  The agreed CMO was then jointly submitted to the Court and entered by Judge Dorsey.  Again, Defendants registered no intent to seek a stay of discovery.  Instead, Defendants enjoyed the over 100 days they requested to draft their motions to dismiss without a hint of disagreement as to how the schedule in this case would unfold.

Plaintiffs on the other hand expressed again their intent to move discovery forward in a timely manner by letter dated September 21, which described in great detail the steps Plaintiffs were taking to prepare to meet their discovery obligations in this case, including collecting, processing and reviewing data for potential production.  Plaintiffs asked Defendants to confirm that they too were preparing to respond to discovery requests, *or to state why they were not*.  Once again, Defendants said nothing about seeking a stay of discovery.  Rather, Defendants failed entirely to respond in any way, leaving Plaintiffs to believe that the carefully negotiated CMO remained intact.

Defendants have now revealed, only days before their responses to Plaintiffs' discovery requests are due, more than three months after having requested an agreed stay of discovery (and having been rebuffed), after carefully negotiating a CMO to cover all discovery deadlines, and enjoying a lengthy schedule for preparing their motions to dismiss, that they are seeking a stay of discovery.  It appears to Plaintiffs that Mr. Williams has intended all along to hinder and delay this litigation, and rather than seek a stay of discovery at the outset after knowing Plaintiffs' position (and knowing that it had little chance of success), Mr. Williams has instead held his motion until now to cause maximum delay, and to try to

disrupt the carefully negotiated deadlines in the CMO.  Plaintiffs will oppose any such motion, and reserve all rights, including to seek fees and other sanctions in connection with Defendants' vexatious efforts to obstruct this litigation.  Given Heath's stated intention to comply with the CMO, Plaintiffs will assume until told otherwise that the other Defendants do not intend to join Mr. Williams' frivolous motion.

As to the confidentiality order, Plaintiffs fail to see how the order is "procedurally burdensome."  It is a standard order modeled on the confidentiality order already entered in the main bankruptcy case, has been entered in other avoidance actions, and serves to protect sensitive information being revealed by either party and/or third parties, as is the generally accepted practice in federal court.  If you identify any objections you have, we are of course open to discussing them.  But a flat objection to a standard confidentiality order appears to Plaintiffs to be a further effort to delay and needlessly complicate this litigation.  Please let us know promptly if there are any changes to the draft that would lead to your agreement so that we may move in a timely manner for entry of the order.


Regards,


Steve


___
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
(212) 558-3269


---

**From:** Lawrence J. Gebhardt <lgebh@gebsmith.com>
**Sent:** Monday, November 6, 2023 7:24 PM
**To:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>; Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>; Mix, Michael <mmix@morrisoncohen.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Drayden Peters <epeters@gebsmith.com>; Darrell Daley <darrell@daleylawyers.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Samantha Neal <samantha@daleylawyers.com>; Laura Davis Jones <ljones@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>
**Cc:** landis@lrclaw.com; mcguire@lrclaw.com; brown@lrclaw.com; pierce@lrclaw.com; Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>; Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>; De Vries, Saskia E.L. <devriess@sullcrom.com>; Mazzarelli, Samantha M. <mazzarellis@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>; Brandon Williams (b.williams@cosimacapital.co) <b.williams@cosimacapital.co>
**Subject:** [EXTERNAL] RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Loren Ipsum UG, et al.; Adv. Pro. No. 23-50437 (JTD)


Steve:

I called you today to discuss discovery and the pending motions asserting lack of subject matter jurisdiction, but you did not return my call. I assume this means that you will steadfastly maintain your refusal to agree to a stay of discovery that you conveyed to Darrell Daley (when you were asking for an extension of time to respond to the motions to dismiss) and that speaking in person would be a futile waste of time. Hence, we will file Brandon Williams motion for a protective order tomorrow and will certify that despite good faith efforts to resolve the disagreement, resolution was not possible.

This said, let me state clearly Brandon Williams's position:

1.  Brandon Williams will not agree to you proposed confidentiality protective order.

It appears to be a procedurally burdensome obligation, and we do not understand why FTX or Maclaurin needs confidentiality. Brandon Williams does not.

2. We will respond to your document request and indicate which document productions are acceptable and which are not but will not produce any
documents until the Court rules on the motion for a protective order or the motion to dismiss. We will be positioned to promptly respond with document productions if and when required but will not do so unless and until so required.

We are certainly prepared to have good faith discussions regarding discovery, but we will not simply accede to your demands. We are fully prepared to litigate out position if necessary or to have discussions if such has any chance of being productive.

Larry Gebhardt

---

**From:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>
**Sent:** Monday, November 6, 2023 6:52 PM
**To:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>; Mix, Michael <mmix@morrisoncohen.com>; Lawrence J. Gebhardt <lgebh@gebsmith.com>; Gregory L. Arbogast <garbogast@gebsmith.com>; Drayden Peters <epeters@gebsmith.com>; Darrell Daley <darrell@daleylawyers.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Samantha Neal <samantha@daleylawyers.com>; Laura Davis Jones <ljones@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>
**Cc:** landis@lrclaw.com; mcguire@lrclaw.com; brown@lrclaw.com; pierce@lrclaw.com; Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>; Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>; De Vries, Saskia E.L. <devriess@sullcrom.com>; Mazzarelli, Samantha M. <mazzarellis@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Subject:** RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Loren Ipsum UG, et al.; Adv. Pro. No. 23-50437 (JTD)

---

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Heath,

Thanks for your response. We certainly assumed that your clients would comply with the CMO, which provides for a substantial completion deadline. But I asked a different question, which is when will you *begin* making productions. As you know, the CMO also provides that the parties "will produce responsive materials on a rolling basis in advance of such date." When a party expects to begin making productions is, at least in our experience, a fairly typical subject for meet & confer discussions among parties to a litigation. In case there was any misunderstanding, I'll ask again when we can expect to begin receiving document productions from Defendants. If you disagree that such matters are a proper subject for meet & confer discussions, by all means please let us know.

I also note that our phone conversation which you reference below was not contemporaneous to the September 21 letter, but rather, was a conversation we had on October 20, a month after our letter. Our letter requested that you either confirm that Defendants were engaging in appropriate preparations to produce responsive and unobjectionable materials promptly upon receipt of Plaintiffs' document requests or advise us as to the basis for not doing so. The lack of any response from Defendants, and your apparent present inability to state when Defendants will begin producing appears to confirm that Defendants were not preparing in the same way that Plaintiffs have prepared to meet their discovery obligations, and that the rules contemplate. As noted below, Plaintiffs are prepared to begin making productions as soon as we have a signed protective order.

We look forward to hearing from you on the timing of your productions, and remain available to meet and confer on any objections or other matters relating to discovery.

Regards,

Steve

**Stephen Ehrenberg** (Bio)
**SULLIVAN & CROMWELL LLP**
125 Broad Street | New York, NY 10004-2498
+1 212 558 3269 (T)
ehrenbergs@sullcrom.com | www.sullcrom.com

---

**From:** Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>
**Sent:** Friday, November 03, 2023 1:42 PM
**To:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>; Mix, Michael <mmix@morrisoncohen.com>;
lgebh@gebsmith.com; Gregory L. Arbogast <garbogast@gebsmith.com>; epeters@gebsmith.com; Darrell Daley
<darrell@daleylawyers.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Gottlieb, Jason
<jgottlieb@morrisoncohen.com>; Samantha Neal <samantha@daleylawyers.com>; Laura Davis Jones
<ljones@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>
**Cc:** landis@lrclaw.com; mcguire@lrclaw.com; brown@lrclaw.com; pierce@lrclaw.com; Rosenfeld, Jared H.
<rosenfeldj@sullcrom.com>; Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa
<mazumdara@sullcrom.com>; De Vries, Saskia E.L. <devriess@sullcrom.com>; Mazzarelli, Samantha M.
<mazzarellis@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Subject:** [EXTERNAL] RE: FTX Trading Ltd. and Maclaurin Investments Ltd. v. Loren Ipsum UG, et al.; Adv. Pro. No. 23-
50437 (JTD)

Steve,

Thank you for the proposed protective order; we will review and provide comments.

With respect to production, we intend on compiling with the terms of the CMO the parties negotiated and the Court
entered.  And as for the reference to the letter and the characterization regarding response, we do not contest that you
sent a September 21 letter or that there was no **written** response, because as you and I discussed by phone, there is
nothing to respond to in the letter.  You set forth your view of things and we appreciate your thoughts, but will be
guided by the rules and the CMO.

Thanks again for the proposed protective order and we will be back to you.

Be well,
Heath

**Heath D. Rosenblat**
Partner
he/him/his

**D** 212.735.8757  |  **M** 917.972.4255
hrosenblat@morrisoncohen.com

vCard [morrisoncohen.com]  |  Bio [morrisoncohen.com]  |  LinkedIn [linkedin.com]

Morrison Cohen LLP
909 Third Avenue, New York, NY 10022-4784
212.735.8600  |  morrisoncohen.com

**From:** Ehrenberg, Stephen <EhrenbergS@sullcrom.com>
**Sent:** Thursday, November 2, 2023 6:55 PM
**To:** Mix, Michael <mmix@morrisoncohen.com>; lgebh@gebsmith.com; Gregory L. Arbogast <garbogast@gebsmith.com>; epeters@gebsmith.com; Rosenblat, Heath D. <hrosenblat@morrisoncohen.com>; Darrell Daley <darrell@daleylawyers.com>; Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>; Samantha Neal <samantha@daleylawyers.com>; Laura Davis Jones <ljones@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>
**Cc:** landis@lrclaw.com; mcguire@lrclaw.com; brown@lrclaw.com; pierce@lrclaw.com; Rosenfeld, Jared H. <rosenfeldj@sullcrom.com>; Goldman, Jessica H. <goldmanj@sullcrom.com>; Mazumdar, Aneesa <mazumdara@sullcrom.com>; De Vries, Saskia E.L. <devriess@sullcrom.com>; Mazzarelli, Samantha M. <mazzarellis@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>
**Subject:** FTX Trading Ltd. and Maclaurin Investments Ltd. v. Loren Ipsum UG, et al.; Adv. Pro. No. 23-50437 (JTD)

**CAUTION:** External sender. Verify before continuing.

All:

Consistent with our letter of September 21, Plaintiffs are prepared to begin making productions as soon as we have a signed protective order.  I attach a draft protective order that we propose to use that is based upon the main case order we previously sent, but has been modified to better fit an adversary proceeding.  This form was accepted by the UST in the Embed litigation and we have no reason to think it wouldn't be accepted here.  It also reflects some edits requested by the Embed defendants.

Please let us know when we can expect to begin receiving document productions from Defendants.  We are available to meet and confer on any questions or objections.  As we noted in our letter, to which we received no response or disagreement, productions of documents that are not objectionable or privileged should commence without waiting for written objections or any meet and confer process, as Plaintiffs are prepared to do.

Regards,

Steve

**Stephen Ehrenberg** (Bio)
**SULLIVAN & CROMWELL LLP**
125 Broad Street | New York, NY 10004-2498
+1 212 558 3269 (T) | [Optional] (M)]
ehrenbergs@sullcrom.com | www.sullcrom.com

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.
This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you. We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com [mimecast.com]

**This is an external message from:** hrosenblat@morrisoncohen.com **

This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you. We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com [mimecast.com]