# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

| | |
|---|---|
| FTX TRADING LTD. and MACLAURIN INVESTMENTS LTD., | |
| Plaintiffs, | |
| -against- | Adv. Pro. No. 23-50437 (JTD) |
| LOREM IPSUM UG, PATRICK GRUHN, ROBIN MATZKE, and BRANDON WILLIAMS, | |
| Defendants. | |

### CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

This *Confidentiality Agreement and Stipulated Protective Order* (the "Order") is entered into by and among: (a) Plaintiffs FTX Trading Ltd. and Maclaurin Investments Ltd. (together, "Plaintiffs"), as well as the Debtors; (b) plaintiff-intervenor the Official Committee of Unsecured Creditors (the "Committee"); and (c) Defendants Patrick Gruhn, Robin Matzke, Brandon Williams, and Lorem Ipsum UG (collectively, "Defendants") in the above-captioned adversary proceeding, Adv. P. No. 23-50437 (the "Adversary Proceeding"), as specified in the signature pages of this Order. The Plaintiffs, the Debtors, the Committee, and the Defendants shall be referred to herein individually as a "Party" and, collectively, as the "Parties."

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the debtors ("Debtors") and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd. is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

## Recitals

WHEREAS, on November 11 and November 14, 2022, FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (*i.e.*, the Debtors) filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "<u>Bankruptcy Code</u>"), and subsequently joint administration of the Debtors' cases (the "<u>Chapter 11 Cases</u>") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128];

WHEREAS, on December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") appointed the Committee pursuant to section 1102 of the Bankruptcy Code [D.I. 231];

WHEREAS, on July 12, 2023, Plaintiffs commenced the Adversary Proceeding.

WHEREAS, the Parties have sought or may seek certain Discovery Material (defined below) from one another with respect to the Adversary Proceeding, including through informal requests, motions, document requests, interrogatories, depositions, and other discovery requests (collectively, "<u>Discovery Requests</u>") as provided by the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>");

WHEREAS, the Parties anticipate that certain persons or entities who are not parties to the Adversary Proceeding ("<u>Non-Parties</u>") may be served with Discovery Requests, in connection with the Adversary Proceeding; and

WHEREAS, the Parties have agreed that Discovery Materials shall be subject to a protective order, pursuant to Bankruptcy Rule 7026 and Federal Rule 26, to protect both privilege and the confidentiality of sensitive information.

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material, to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material that a Party or Non-Party seeks to maintain as confidential or highly confidential, the Parties stipulate and agree as follows:

## <u>Scope of Order</u>

1.      This Order applies to all information, documents, and things exchanged in or disclosed in the Adversary Proceeding and all documents subject to a Discovery Request in the Adversary Proceeding, that is produced by a Party or a Non-Party (each a "<u>Producing Person</u>"), to any Party (a "<u>Receiving Party</u>"), formally or informally, either prior to or after the filing of a judicial proceeding, in response to or in connection with any Discovery Requests, including without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information, expert reports, and things produced (including documents, information, and things produced to a Receiving Party for inspection, whether in the form of originals or copies), as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "<u>Discovery Material</u>").

2.      Any Party or its counsel serving a subpoena or discovery notice upon a Non-Party, which subpoena or discovery notice requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena or discovery notice and instruct the Non-Party recipient of such subpoena or discovery notice that he, she, or it may designate documents or testimony produced pursuant to such subpoena or discovery notice in accordance with the provisions herein.

## Designating Discovery Material

3.      Any Producing Person may designate Discovery Material as "Confidential"  or

"Highly  Confidential"  (any such designated Discovery  Material,  "Designated Material") in

accordance with the following provisions:

>       a.      Confidential Material: A Producing Person may designate Discovery
> Material as "Confidential" if such Producing Person believes in good faith (or with respect
> to documents received from another person, has been reasonably advised by such other
> person) that such Discovery Material constitutes or includes information that:
> (i)  constitutes or contains technical, business, financial, personal, or other information of
> a nature that can be protected under Federal Rule 26(c) and Bankruptcy Rules 7026 or
> 9018; (ii) is subject by law, contract, or court order to a legally protected right of privacy;
> or (iii) the Producing Person is under a preexisting obligation to a third-party to treat as
> confidential.

>       b.      Highly Confidential Material: A Producing Person may designate
> Discovery Material as "Highly Confidential" if such Producing Person believes in good
> faith (or with respect to documents received from another person, has been reasonably
> advised by such other person) that such Discovery Material constitutes or includes
> information that is of such a nature that its disclosure would result in competitive harm,
> which may include, without limitation, (i) trade secrets or sensitive financial or business
> information; or (ii) documents or information relating to or reflective of customer
> information.  Any documents or information that may have been previously designated by
> a Party as being for "Professional's Eyes Only" or "Attorney's Eyes Only" will be deemed
> to be Highly Confidential under this Order.

4.      Manner of Designation: A Producing Person shall designate Discovery Material

(*i.e.*, Designated Material) as "Confidential" or "Highly Confidential" by marking each page of such

Designated  Material,  to  the  extent  reasonably  practicable,  as  "Confidential"  or  "Highly

Confidential" as may be appropriate.  Where marking every page of such Designated Material is

not reasonably practicable, such as with certain native file documents, a Producing Person may

designate material as "Confidential" or "Highly Confidential" by informing the Receiving Party in

writing in a clear and conspicuous manner at the time of production of such material that such

Designated Material is designated "Highly Confidential" or "Confidential."  As further set forth

in paragraph 15 of this Order, the failure to designate Discovery Material as "Confidential" or

"Highly Confidential" ***does not*** constitute in any manner a waiver of such claim, and a Producing Person may so designate Discovery Material after such Discovery Material has been produced in accordance with the terms of this Order, with the effect that such Discovery Material is subject thereafter to the protections of this Order.

### Use and Disclosure of Confidential or Highly Confidential Material

5.      General Limitations on Use and Disclosure: All Discovery Material shall be used by the Receiving Parties solely for the purposes of the Adversary Proceeding.

6.      Disclosing Highly Confidential Material: "Highly Confidential" material, and any and all information contained therein, may be given, shown, made available to or communicated only to the following:

> a.      outside counsel, and staff working under the express direction of such counsel for, that are retained by:

>> (i)      the Plaintiffs;

>> (ii)     the Defendants;

>> (iii)    the Committee; and

>> (iv)    any person or entity that is permitted to intervene in the Adversary Proceeding.

> b.      outside advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by a Receiving Party and who have signed a declaration in the form provided as Schedule A hereto (a "Declaration") and delivered same to counsel to the Receiving Party;

> c.      John J. Ray, III, as Chief Executive Officer and Chief Restructuring Officer of the Debtors;

> d.      the U.S. Trustee and his counsel;

> e.      any person indicated on the face of a document to have been an author, addressee, or copy recipient, or otherwise a recipient thereof;

> f.      for purposes of witness preparation, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such "Highly Confidential"

material is determined by counsel in good faith to be relevant to the anticipated subject matter of testimony and necessary for the preparation of such testimony, and where counsel determines in good faith that disclosure would not cause competitive harm; provided, however, that such "Highly Confidential" material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph ***shall not be permitted to retain copies*** of such "Highly Confidential" material or use it for any other purpose;

g.      any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm;

h.      outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with the Adversary Proceeding;

i.      court reporters, stenographers, or videographers who record deposition or other testimony in connection with the Adversary Proceeding;

j.      the Court, its officers, and clerical staff in any judicial proceeding that may result from the Adversary Proceeding;

k.      any government agency (other than the U.S. Trustee), internal or external auditor or regulatory body or authority having authority to regulate or oversee any aspects of the Receiving Party's business or that of its affiliates, if required  by  any  applicable statute,  law,  rule  or  regulation,  subpoena,  civil investigative demand or similar demand, or request; provided that (i) the Receiving Party will provide the Producing Person with prior written notice of any such request or requirement (unless such notice is prohibited by applicable law) so that the Producing Person may seek a protective order or other appropriate remedy, and (ii) the Receiving Party advises such recipient of the highly confidential nature of the information being disclosed and requests highly confidential treatment thereof;

l.      any other person designated by order of the Court; and

m.      any other person or entity with respect to whom the Producing Person consents in writing.

7.      <u>Confidential Material</u>: In addition to the persons identified in section 6 of this Order, "Confidential" material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

a. any current employee, officer, director, manager, or member of the Plaintiffs, or to the extent Plaintiffs' outside counsel determines in good faith that it is necessary, a current employee, officer, director, manager, or member of another Debtor[2];

b. the Defendants and any current employee, officer, director, manager, or member of the Defendants;

c. the members of the Committee; and

d. any person or entity that is permitted to intervene in the Adversary Proceeding and any other current employee, officer, director, or other manager or member of such person or entity who has signed a Declaration;

8. <u>Sealing of Designated Material Filed with or Submitted to Court</u>: Unless the Producing Person gives written consent to the public filing of Designated Material or information contained in the Designated Material, the Receiving Party must follow the following procedures:

a. Designated Material contained in pleadings, documents, or other papers (or attachments thereto) that a Party seeks to file with the Court ("<u>Filing Party</u>") shall be redacted and filed with the Court under a temporary seal, and the Filing Party shall follow all requirements set forth in Local Rule 9018-1 (d) regarding the filing, including but not limited to filing a motion seeking authority to file the Designated Material under seal.

b. Each Filing Party shall use reasonable best efforts when filing with the Court pleadings, documents, or other papers (or attachments thereto) under temporary seal to redact only Designated Material from pleadings, documents, or other papers (or attachments thereto).

c. Any Party filing with the Court pleadings, documents, or other papers (or attachments thereto) containing Designated Material under temporary seal shall serve the other Parties and the U.S. Trustee with un-redacted copies.

d. Until the Court decides the motion to seal, the pleading, document, or other paper (or attachment thereto) shall remain under seal.

9. <u>Use of Discovery Material In Open Court</u>: The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph. As part of any pretrial

---

[2]  The Parties agree that the disclosure of Confidential information to a current employee, officer, director, manager, or member of another Debtor as set forth in Section 7(a) shall in no way prejudice the Parties' position in the Adversary Proceeding, including Defendants' position that the named Plaintiffs have no enforceable interest in the funds they seek to recover.

conference or any meet-and-confer regarding the use of exhibits in any evidentiary hearing, and at least forty-eight (48) hours prior to the use of any Designated Material at trial or any hearing to be held in open court or as soon as reasonably practicable, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Person, together with any other Parties who have expressed interest in participating in such meet-and-confer, and the U.S. Trustee, to discuss whether the Producing Person will consent to the use of such Designated Material at trial or any hearing to be held in open court, or to otherwise discuss ways to handle the use of any Designated Material at the hearing, so that the material may be offered or otherwise used by any Party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules.  If the Parties are unable to resolve a dispute related to such Designated Material, then the Producing Person, or other person or entity asserting confidentiality, bears the burden of requesting relief from the Court and, in the absence of such relief, there shall be no limitations on the ability of the Parties to offer or otherwise use such Designated Material at trial or any hearing held in open court.

## **Depositions**

10.    <u>Deposition Testimony</u>: If counsel for a Party or Non-Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party or Non-Party, such testimony may be designated as appropriate by:

       a.    Stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or

       b.    Providing written notice within ten (10) business days of the Party's or Non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or videotape of a deposition is so designated, except in the event that a hearing or briefing on related issues is scheduled to occur within ten (10 business days, in which case the foregoing ten (10) business day period will be reduced to two (2) business days.  Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 12 below.

Until expiration of the aforesaid ten (10) business day or two (2) business day period, as applicable, following receipt of the transcript by the Parties or Non-Parties, all deposition transcripts and videotapes shall be considered and treated as "Highly Confidential" material unless otherwise agreed on the record at the deposition.

Nothing in this paragraph shall affect the confidentiality designations of Discovery Material entered as exhibits at depositions.

11.     <u>Presence of Certain Persons During Designated Deposition Testimony</u>: When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated if requested by the person designating such Designated Material.

12.     <u>Responsibilities and Obligations of Court Reporters</u>: In the event that a Party or non-Party seeks to designate deposition testimony as "Confidential" or "Highly Confidential," the Party or non-Party seeking such designation shall instruct the court reporter to include on the cover page of each such transcript the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith." Each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate.   If the deposition is videotaped, videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated. It is the responsibility of the Party or Non-Party seeking to designate portions of a deposition transcript as "Confidential" or "Highly Confidential" to ensure compliance.

## **General Provisions**

13.     This Order is a procedural device intended to protect Discovery Materials and Designated Materials.   Nothing in this Order shall affect any Party's or Non-Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

14.     Nothing contained herein shall be deemed or construed as a waiver or relinquishment by any Party or Non-Party of any objection, including but not limited to, any objection concerning the confidentiality or proprietary nature of any documents, information, or data requested by a Party or Non-Party, any right to object to any Discovery Request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

15.     <u>Late Designation of Discovery Material</u>: The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive or relinquish a Producing Person's right to later so designate such Discovery Material. Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such later Designated Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Designated Material shall be treated in accordance with that later designation; <u>provided</u>, <u>however</u>, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or Non-Party that failed to make the designation.

16.     <u>Unauthorized Disclosure of Designated Material</u>: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; immediately make

reasonable efforts to recover the disclosed Designated Material, as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Person of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

17.     <u>Manner of Objecting to Designated Material</u>: If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall raise the objection with the Producing Person in writing, and meet and confer in good faith within five (5) business days of such objection to attempt to resolve any dispute respecting the terms or operation of this Order. If unresolved, the Producing Person may seek, after the meet and confer set forth in the preceding sentence, a ruling from the Court within ten (10) days, on notice to the Receiving Party. If the Producing Person does not seek relief from the Court within the ten (10) days following the meet and confer described in this section 17, then the objectionable designation shall be removed. If the Producing Person does seek relief from the Court, the Designated Material shall continue to be treated as so designated by the Producing Person until the Court rules on such issue. Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential" designation from any Discovery Material so designated subject to the provisions of this Order.

18.     <u>Timing of Objections to Designated Material</u>: A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure

to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by a Producing Person of Discovery Materials as "Confidential" or "Highly Confidential" during the discovery period shall not be deemed or construed as a waiver of the right of that Party to object to the designation at any evidentiary hearing or trial.

19.    <u>Production of Protected Discovery Material</u>: The production of any privileged or otherwise protected or exempted information ("<u>Disclosed Protected Information</u>") shall not be deemed or construed as a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, as to the produced information, or any other information.  The production of privileged or work-product protected documents, electronically stored information ("<u>ESI</u>"),  or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in the Adversary Proceeding, the Chapter 11 Cases, or in any other federal or state proceeding.   This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).   Within ten (10) days after a Producing Person discovers (or within a reasonable period of time after receipt of notice from another Party) that it has produced any Disclosed Protected Information, the Producing Person may request the return of such Disclosed Protected Information by identifying in writing the Discovery Materials produced and the basis for withholding such Discovery Materials from production. If a Producing Person requests the return of Disclosed Protected Information pursuant to this paragraph and the Receiving Party does not dispute the privilege claim, the Receiving Party shall immediately return or destroy the Disclosed Protected Information (and any copies thereof) and shall sequester or destroy any work product (*e.g.*, by example only, outlines, abstracts, or notes) that incorporates the Disclosed Protected Information.

20.    If the Receiving Party disputes the privilege claim, it must sequester the material until the issue can be resolved and may not review it for any reason.  The Receiving Party shall notify the Producing Person of the dispute and the basis therefore in writing, and thereafter meet and confer regarding the challenge to privilege.  If the Parties cannot resolve their dispute, either Party may seek a determination from the Court whether any privilege applies.  The Receiving Party may not assert as a ground for waiver the fact of inadvertent production, nor may the Receiving Party challenging a privilege assertion assert the diligence or lack thereof of counsel in producing the Disclosed Protected Information, nor the scope of such inadvertent production as a ground for waiver or relinquishment of a privilege.  Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

21.    <u>Use of Non-Confidential Material</u>: "Confidential" and "Highly Confidential" does not include information or material that: (a) is or becomes generally available to the public other than as a result of a disclosure by a Receiving Party in violation of this Order or another improper disclosure by any person; (b) was available to the Receiving Party on a non-confidential basis prior to its disclosure by the Producing Person; (c) becomes available to the Receiving Party on a non-confidential basis from a person or entity or other than the Producing Person who is not otherwise bound by a confidentiality agreement, confidentiality obligation by operation of law, or court order prohibiting disclosure of such information; or (d) has been independently developed by the Receiving Party.

22.    <u>Obligations Following Conclusion of the Adversary Proceeding</u>: Within ninety (90) days of the conclusion of the Adversary Proceeding, including any appeals, all Receiving

Parties shall take all commercially reasonable steps to destroy or return to counsel for the respective Producing Person all Designated Material, and all copies or notes thereof in the possession of any person, except that counsel may retain for its records work product and a copy of court filings, deposition transcripts, deposition videotapes, deposition exhibits, expert reports, and exhibits introduced at any hearing; and a Receiving Party may retain Designated Material that is archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided that such retained documents will continue to be treated as provided in this Order.   If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall verify such destruction in writing to counsel for the Producing Person by the end of the ninety (90) day period.   Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Order shall remain binding.

23.    U.S. Trustee: The Parties agree that the U.S. Trustee shall be provided with access to all Discovery Material upon request and may conduct and participate in all discovery contemplated and governed by this Order.

24.    Continuing Applicability: The provisions of this Order shall survive the final termination of the Adversary Proceeding for any retained Designated Material.  The final termination of the Adversary Proceeding shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Designated Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

25.    Amendment: Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time, or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

26.    Compelled Disclosure: Any Receiving Party that may be subject to a motion, subpoena, or other form of legal process or any regulatory process or demand seeking the disclosure of a Producing Person's Designated Material (a) shall promptly notify (and in no event less than five (5) business days' before disclosure of a Producing Person's Designated Material) the Producing Person (unless such notice is prohibited by applicable law) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (b) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information. If (i) no action is taken by the Producing Person or any other Party to obtain a court order preventing such legally required disclosure within five (5) business days of receiving notice from the Receiving Party, or (ii) if such action is taken by the Producing Person or any other Party by motion, but the Court does not issue an order preventing such legally required disclosure by the later of (1) within twenty-one days of such motion and (2) the date a Discovery Request is to be complied with, then the Receiving Party may disclose the Producing Person's Designated Material as set forth in this paragraph.

27.    Use of Designated Material By Producing Person: Nothing in this Order affects the right of any Producing Person to use or disclose its own Designated Material in any way.  If a Producing Person uses its own Designated Material in a hearing (without taking steps to maintain the confidentially of such Designated Material (*e.g.*, to be viewed *in camera* or empty the

courtroom)), unredacted court filing, or any other public forum, such disclosure waives all Confidential and Highly Confidential designations for that Designated Material in all respects.

28.     <u>Objections to Discovery Requests</u>: Nothing herein shall be deemed to prevent a Party or Non-Party from objecting to any Discovery Requests or from seeking additional or further limitations on the use or disclosure of any Discovery Material.

29.     <u>Obligations of Parties</u>: Nothing herein shall relieve a party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with the Adversary Proceeding.

30.     <u>Enforcement</u>: The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

*[Remainder of page intentionally left blank]*

**STIPULATED AND AGREED TO:**

Dated: December 11, 2023
        Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
        mcguire@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Steven L. Holley (admitted *pro hac vice*)
Stephen Ehrenberg (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Christopher J. Dunne (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
holleys@sullcrom.com
ehrenbergs@sullcrom.com
gluecksteinb@sullcrom.com
dunnec@sullcrom.com

*Counsel for the Plaintiffs in Adversary Proceeding No.
23-50437 (JTD)*

Dated: December 11, 2023
        Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert F. Poppiti, Jr.*
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mlunn@ycst.com
        rpoppiti@ycst.com

-and-

PAUL HASTINGS LLP
Kristopher M. Hansen*
Kenneth Pasquale*
Isaac Sasson*
John F. Iaffaldano*
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email: krishansen@paulhastings.com
        kenpasquale@paulhastings.com
        isaacsasson@paulhastings.com
        jackiaffaldano@paulhastings.com

*Admitted pro hac vice*

*Counsel to the Plaintiff-Intervenor, the Official
Committee of Unsecured Creditors*

Dated:  December 11, 2023
       Wilmington, Delaware

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:    ljones@pszjlaw.com
         pkeane@pszjlaw.com

THE DALEY LAW FIRM LLC
Darrell Daley (admitted *pro hac vice*)
Samantha Neal (admitted *pro hac vice*)
4845 Pearl East Circle, Suite 101
Boulder, Colorado 80301
Telephone: (303) 479-3500
Email: Darrell@daleylawyers.com
       Samantha@daleylawyers.com

- and -

MORRISON COHEN LLP
Joseph T. Moldovan (admitted *pro hac vice*)
Heath D. Rosenblat (admitted *pro hac vice*)
Jason P. Gottlieb (admitted *pro hac vice*)
Michael Mix (admitted *pro hac vice*)
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
Facsimile: (212) 735-8708
Email: jmoldovan@morrisoncohen.com
      hrosenblat@morrisoncohen.com
      jgottlieb@morrisoncohen.com
      mmix@morrisoncohen.com

*Counsel to Lorem Ipsum UG, Patrick Gruhn, and Robin Matzke*

Dated: December 11, 2023                    GEBHARDT & SMITH LLP
       Wilmington, Delaware

                                            */s/ Gregory L. Arbogast*
                                            Lawrence J. Gebhardt (admitted *pro hac vice*)
                                            Gregory L. Arbogast (No. 6255)
                                            1000 N. West Street, Suite 1200
                                            Wilmington, Delaware 19801
                                            Telephone: (410) 385-5112
                                            Facsimile: (443) 957-4324
                                            lgebh@gebsmith.com
                                            garbogast@gebsmith.com

                                            *Counsel for Brandon Williams*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____, 2023
       Wilmington, Delaware

                                    _____
                                    THE HONORABLE JOHN T. DORSEY
                                     UNITED STATES BANKRUPTCY JUDGE

## Schedule A

Declaration of Acknowledgement and Agreement

## DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

I, _____, declare under penalty of perjury (this "Declaration") that:

1.    My business or personal address is: _____.

2.    My present employer is: _____.

3.    My present occupation or job description is: _____.

4.    I hereby certify and agree that I have read and understand the terms of the Confidentiality Agreement and Stipulated Protective Order (the "Order") relating to the Adversary Proceeding between Plaintiffs and Defendants, as specified in the signature pages of the Order. All capitalized terms used but not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order. I further certify that I will not use Designated Material for any purpose other than as expressly permitted by the Order, and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Order to receive Designated Material. I agree to be bound by the terms and conditions of the Order.

5.    I understand that I am to retain in confidence from all individuals not expressly permitted to receive Designated Material, whether at home or at work, all copies of any Designated Materials, and that I certify and agree that I will carefully maintain such materials in a manner consistent with the Order. I acknowledge that the return or destruction of Designated Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6.    I acknowledge and agree that I am aware that by receiving Designated Material I may be receiving material non-public information about companies that issue securities and there exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such Designated Material.

{1368.002-W0073672.}

7.      I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____

_____
                                Signature