# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| FTX TRADING LTD. and MACLAURIN INVESTMENTS LTD.,<br><br>                    Plaintiffs,<br><br>-against-<br><br>LOREM IPSUM UG, PATRICK GRUHN, ROBIN MATZKE, and BRANDON WILLIAMS,<br><br>                    Defendants. | Adv. Pro. No. 23-50437 (JTD) |

**DECLARATION OF STEPHEN EHRENBERG IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT BRANDON WILLIAMS'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 56(d)**

I, Stephen Ehrenberg, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a member of the Bar of the State of New York and a partner of the law firm Sullivan & Cromwell LLP, counsel to FTX Trading Ltd. and Maclaurin Investments Ltd. f/k/a Alameda Ventures Ltd. (the "Plaintiffs"). I am over the age of 21 years and am competent to testify of my own personal knowledge about the matters contained herein. I submit this

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd. is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

declaration pursuant to Federal Rule of Civil Procedure 56(d), made applicable here by Federal Rule of Bankruptcy Procedure 7056, in support of *Plaintiffs' Memorandum of Law in Opposition to Defendants Patrick Gruhn, Robin Matzke, and Lorem Ipsum UG's Motion to Dismiss and Defendant Brandon Williams's Motion to Dismiss or for Summary Judgment* (the "Opposition"), filed contemporaneously herewith.

2. Defendant Brandon Williams has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 prior to any document or deposition discovery having been provided by the Defendants in this action (the "Motion"). *See Motion to Dismiss or for Summary Judgment* [Adv. D.I. 23].

3. As explained in Plaintiffs' Opposition, the Motion should be denied outright given the significant amount of discovery yet to be taken. Opposition at 48–51. I discuss below some of the facts that Williams wrongly contends are undisputed, and the discovery that Plaintiffs have yet to complete—and in some cases, begin—that Plaintiffs expect will further demonstrate the existence of disputed issues of fact that are material to the Motion.

4. If the Court has any doubt as to whether discovery should be completed before considering this Motion, however, the Motion should still be denied because there are material facts in dispute even on the basis of the early record in this action. Opposition at 51–55.

I. **CURRENT STATE OF DISCOVERY**

5. Despite serving requests for production on Williams and his co-defendants, Patrick Gruhn, Robin Matzke, and Lorem Ipsum UG (collectively, "Defendants") on October 13, 2023, Plaintiffs have not yet received any documents from Defendants. Given the very early stage of document discovery, Plaintiffs also have not yet conducted any depositions, let alone a deposition of any Defendant, including Williams.

6.      Plaintiffs filed this action against Williams and his co-defendants on July 12, 2023. The Court approved and entered a Case Management Plan and Scheduling Order ("CMO") agreed upon by all parties on August 23, 2023. The CMO set October 13, 2023 as the first day on which the parties could serve document requests, interrogatories, and requests for admissions on other parties. Consistent with the CMO, on October 13, 2023, Plaintiffs served Williams with *The Debtors' First Request for Production of Documents to Defendant Brandon Williams*. Ehrenberg Decl. Ex. 16. Plaintiffs also served Williams's co-defendants with similar requests for production. Ehrenberg Decl. Exs. 17–18.

7.      Plaintiffs requested from Defendants—including Williams, who is alleged by Plaintiffs to be a former shareholder and employee of Digital Assets DA AG ("DAAG") involved in the company since its founding—multiple categories of documents and communications in their possession, custody and control, including but not limited to documents and communications concerning the business model and finances of DAAG, documents and communications concerning valuations of DAAG, documents and communications concerning the purpose of the acquisition of DAAG, and communications between Defendants and Bankman-Fried, between Defendants and other FTX officers, and amongst the co-defendants themselves. *See* Ehrenberg Decl. Exs. 16–18.

8.      Plaintiffs expect that the materials sought from Defendants will bear on issues of material fact, including the FTX Insiders' intent to hinder, delay, or defraud creditors through the acquisition of DAAG, the value of DAAG at the time of the acquisition, the purpose behind the acquisition, and Williams's close relationship with Bankman-Fried.

9.      In his initial disclosures, Williams states that he has "Telegram chats" and e-mail communications with "individuals at FTX, DAAG, and other individuals in the crypto currency

space," as well as "transaction documents, DAAG's business plan, and DAAG presentation materials" stored "locally on his laptop."  *See* Ehrenberg Decl. Ex. 19.

10. Williams's co-defendants, in their own initial disclosures, have said they have communications between Defendants and Samuel Bankman-Fried, communications between Brandon Williams and Ryan Salame, a senior FTX employee, and communications with accounting firm BDO concerning DAAG's valuation.  *See* Ehrenberg Decl. Ex. 20.

11. Because Plaintiffs have not yet received or reviewed any of the documents Defendants claim to have, Plaintiffs do not know if these materials are available from any other source other than Defendants.  That said, Plaintiffs have no reason to believe that Defendants' personal communications can all be obtained from anyone other than Defendants.

12. Williams informed Plaintiffs on November 6, 2023 that Williams would refuse to sign a proposed protective order and would "not produce any documents until the Court rules on the motion for a protective order or the motion to dismiss." Ehrenberg Decl. Ex. 21.

13. Williams then filed a motion for a protective order on November 8, 2023.  *See Motion for Protective Order* [Adv. D.I. 35].  Williams's co-defendants subsequently joined this motion on November 14, 2023.  *See Defendants Patrick Gruhn, Robin Matzke, and Lorem Ipsum UG's Joinder in Motion for a Protective Order Staying Discovery* [Adv. D.I. 39].

14. Williams' counsel stated during the hearing that "if [the court] told us we had to respond next week, we could produce our documents."  *See Transcript of Hearing Before the Honorable John T. Dorsey United States Bankruptcy Judge*, In re. FTX Trading Ltd. et al., Docket No. 22-11068 at 91:11–12 (November 15, 2023).

15. The court denied Williams's motion for a protective order on November 15, 2023, and ordered Defendants to comply with the CMO.  [Adv. D.I. 54].

## II. DISCOVERY YET TO BE TAKEN THAT WILL BEAR UPON MATERIAL ISSUES OF FACT

16. Despite the court's order a month ago to comply with the CMO, Plaintiffs have not received any discovery from Williams or his co-defendants. Plaintiffs, on the other hand, produced more than 165,000 documents to Defendants on December 7, 2023 and December 12, 2023.

17. Plaintiffs have also served discovery requests on certain third parties, including BDO USA LLP ("BDO") and Kephas Corporation ("Kephas").

18. Plaintiffs have sought documents and communications from BDO concerning their "ASC 805 Valuation of Certain Assets of FTX Trading Ltd. for Financial Reporting Purposes." Williams claims in his Motion that DAAG was worth $299,479,000 based on that so-called "valuation." (BW Br. at 14.)

19. Plaintiffs have only recently received the first set of documents from BDO, which is limited to fewer than 60 documents. Plaintiffs anticipate seeking additional materials from BDO, and potentially seeking deposition testimony regarding, among other things, the document upon which Williams relies, the analysis behind the document, the documents and other information relied on in creating the document, and the nature of the views set forth in the document.

20. Plaintiffs have also sought documents from Kephas concerning, among other things, services provided by Kephas to DAAG both prior to and after the acquisition. This discovery is expected to bear on the issue of the value received by Plaintiffs in the acquisition, a component of Plaintiffs' constructive fraudulent conveyance claim against Williams.

21. Plaintiffs have only recently received the first set of documents from Kephas, which is limited to fewer than 50 documents. Plaintiffs expect to seek additional materials from

Kephas, and potentially seek deposition testimony regarding the services provided by Kephas to DAAG, and technology and intellectual property not included in the DAAG acquisition.

22. Plaintiffs also expect to rely on expert discovery to support their allegations that FTX was insolvent at the time of the DAAG acquisition. Both Plaintiffs and Defendants have acknowledged the likelihood that experts will be engaged in this action, as contemplated in the CMO. Expert disclosures are not due until May 17, 2024, and after the exchange of reports and rebuttals throughout the summer, the CMO does not require the completion of expert depositions until October 2, 2024.

23. Plaintiffs have also not yet served interrogatories or requests for admission on Defendants, which in Plaintiffs' view, are far more effective and efficient after substantial document discovery has been completed. Plaintiffs intend to utilize the substantial documentary and deposition evidence they anticipate collecting to craft interrogatories and requests for admission that may help establish key pieces of their fraudulent conveyance claims against Williams, including, among other things, the purpose behind the acquisition of DAAG, DAAG's value at the time of the acquisition, and the extent of Williams's personal relationship with Bankman-Fried.

24. Given the significant amount of outstanding discovery, Plaintiffs anticipate that they will continue to identify additional documents, depositions and other discovery they may need to seek in this action.

25. Accordingly, this Court should grant Plaintiffs relief under Federal Rule of Civil Procedure 56(d) by denying Williams's motion for summary judgment.

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the above is true and correct to the best of my knowledge.

Executed on December 15, 2023.

/s/ *Stephen Ehrenberg*
Stephen Ehrenberg
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: ehrenbergs@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*